William VOLK and Sidney Volk, Plaintiffs,

v.

PARAMOUNT PICTURES, Inc., Loew's Incorporated, RKO Radio Pictures, Inc., Warner Bros. Pictures Distributing Corporation, Twentieth Century-Fox Film Corporation, Columbia Pictures Corporation, Universal Film Exchanges, Inc., United Artists Corporation, Defendants.

Civ. No. 2577.

United States District Court
D. Minnesota, Fourth Division.

July 31, 1950.

Benedict Deinard and Melvin H. Siegel, Minneapolis, Minn. (Leonard, Street & Deinard, Minneapolis, Minn., of counsel), for plaintiffs.

David Shearer, Minneapolis, Minn., and Edward A. Sargoy, New York City (Shearer, Byard, Trogner & Peters, Minneapolis, Minn., and Sargoy & Stein, New York City, of counsel), for defendants.

NORDBYE, Chief Judge.

Each of the defendants has made a motion for an order supplementing the order of January 7, 1950, which directed plaintiffs to produce and permit the inspection of certain documents and records in its possession by the defendants. The present motion is based upon the alleged discovery of irregularities and fraudulent transactions as reflected by the deposition evidence to date and the examination of the books and documents which have been made available under the original order. It is contended that such examinations have disclosed the existence of certain journals or journal sheets and other documents which were not made available to the defendants' accountant, or the existence thereof made known to him until after the audit had continued for some time. It is defendants' position, therefore, that in order to make an accurate audit, journal sheets identified at a deposition hearing as Exhibits S–12 and S–13, and so-called columnar sheets identified as S–5, should be made available to defendants for inspection and copying and photostating. In addition, it is contended that in view of the irregularities and discrepancies disclosed in the audit, plaintiffs should

be required to produce for inspection and copying the income tax returns of the plaintiffs, State and Federal, for the Camden, Falls, and Nile Theaters for the period from September, 1941, to date.

Obviously, it is quite impossible for the Court to obtain a clear picture of the results of the examination to date. Plaintiffs vigorously assert that the disclosures made do not establish any irregularities, discrepancies, or fraud relative to defendants' counterclaim herein. It does appear, however, that there are certain journal sheets which were not brought to the attention of or made available to the defendants' accountant. As stated, these sheets were identified in the examination of plaintiffs' accountant as S–12 and S–13. I gather from the argument on the motion that plaintiffs have not, at this time, at least, any particular objection to the submission of these two exhibits to the defendants for the purposes requested herein. Objection is made, however, to the disclosure of the contents of Exhibit S–5, which plaintiffs contend is merely an assembly of the work sheets by plaintiffs' accountant in making up the plaintiffs' income tax returns. It is true that plaintiffs' accountant, in part of his testimony, refers to these columnar sheets as work data for making up the income tax returns. However, in another part of his testimony, he refers to this exhibit as a regular part of the records used in connection with the bookkeeping system of the Camden and Nile Theaters. In any event, if copies of plaintiffs' income tax returns are to be made available to defendants as requested, admittedly the columnar sheets, Exhibit S–5, should likewise be made available.

I understand that it is admitted that plaintiffs have retained copies of their income tax statements during the years in question. Therefore, these copies are in the possession of an adverse party and they are not privileged within the purview of Rule 34, 28 U.S.C.A. This seems clear from 2 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 798, p. 512. There may be some doubt as to any light which the generalization of income and disbursements as found in the usual income tax statements will throw on the controversy herein. But defendants earnestly urge that the verity which may be expected in income tax returns will be of indispensable value in reconciling or explaining or throwing light upon the many irregularities and inconsistencies disclosed in the books and records heretofore made available by plaintiffs. My understanding of plaintiffs' position is, first, that the income tax returns will not contain any evidence which will relate or be relevant to any of the issues herein, and second, that the defendant distributors should not be equipped with knowledge as to the profits of these exhibitors in the theater business.

The showing is not too clear as to the relevancy of the income tax statements, but that may be due to the Court's inability to comprehend the full significance of the disclosures made to date in the discovery procedure which has been utilized. It may well be that the income tax statements are reasonably calculated to lead to the discovery of admissible evidence, and if so, they, of course, come within the scope of the rule. I do not find that it is necessary for me to draw any definitive conclusions as to the truth or non-truth of the charges of fraud and irregularities which are alleged to be found in the audits which have been made of plaintiffs' books and records. These income tax returns are documents in the possession of plaintiffs within the purview of Rule 34, and under all the circumstances I hesitate to find that their inspection will not throw any further light on the controversy, or that they are not reasonably calculated to lead to the discovery of admissible evidence. They may have a very important bearing upon the true picture to be disclosed by the audit. On the other hand,

they may support and affirm plaintiffs' negation of any irregularities in their bookkeeping records. The denial of defendants' motion in this respect may limit unduly the legitimate search for relevant evidence.

The suggestion that defendants have some sinister object in seeking permission to delve into plaintiffs' income tax returns in order to be informed as to profits that the Volks may have made in the theater business is not supported by any facts, nor does it appeal to sound reason. Surely, if the distributors desire to have such information for any purpose other than its relevancy in this lawsuit, their accountant, with the information at hand from the inspection already made, would have no particular trouble in arriving at a fair estimate of the net profits of the exhibitors during the years in question.

I conclude, therefore, that defendants' motion should be granted to the extent stated herein, and defendants' counsel may present an appropriate order consistent herewith. An exception is reserved.