**Karl KARLSSON, Plaintiff,**

v.

**Elizabeth WOLFSON & Wilfred Wolfson, a Co-partnership dba Maryland Hotel Company, Defendants.**

**Civ. No. 5277.**

United States District Court
D. Minnesota, Fourth Division.

Feb. 1, 1956.

Harry H. Peterson, Minneapolis, Minn., for plaintiff.

Paul J. McGough, Minneapolis, Minn., for defendant.

DEVITT, District Judge.

This is a motion under Rule 34, 28 U.S.C.A., for an order requiring the plaintiff to produce and permit the defendants to inspect and copy plaintiff's income tax returns.

Plaintiff, a citizen of Sweden and a professional wrestler, has brought action against the defendant hotel company asking for damages in the sum of $500,000 on account of injuries allegedly sustained by him in a fall on the defendants' hotel stairway on July 5, 1955, at a time when he was a guest at the hotel.

In response to defendants' motion for the production of his income tax returns, the plaintiff alleges that although he has filed income tax returns in New York City, in Minnesota and in the Dominion of Canada since coming to the United States in October, 1953, he has not retained copies of these returns and hence is not able to produce them.

The plaintiff argues that the defendants have not made the necessary good cause showing required by Rule 34 and that, at all events, the federal income tax returns are privileged from production and inspection by virtue of Section 6103 of the Internal Revenue Code, 26 U.S.C.A. 6103.

It is true that Rule 34 requires a showing of good cause, but in construing the Rule as to what constitutes good cause, a liberal construction is desirable, and considerations of practical convenience are of great importance. 2 Barron & Holtzoff, Sections 792, 796. Although the affidavit of defendants' counsel is not a model of specificity in so far as showing good cause is concerned, it and a reading of the pleadings reflects the fact that information as to plaintiff's prior earning capacity, as reflected in his income tax returns, is of prime importance in determining the extent of the damages he has suffered as the result of allegedly being unable to continue his work as a professional wrestler as alleged in the complaint. I conclude that good

cause has been shown and that the information sought is relevant.

Plaintiff next asserts that his federal income tax returns are privileged and hence specifically excluded from material subject to be produced under Rule 34. He cites Section 6103(a) (1) and (2) of the 1954 Revenue Code in support of his view that although these returns are public records, they are privileged and may be opened for inspection only upon presidential order. Many cases construing this statute and its predecessor under the 1939 Code, Section 55, have been decided. The overwhelming majority of them allow a petitioning party to see his adversary's income tax returns and have compelled him to obtain copies thereof from the appropriate administrative authorities in cases where he did not retain his own copies. See to this effect Paramount Film Distributing Corp. v. Ram, D.C.S.C., 91 F.Supp. 778; Tollefson v. Phillips, D.C.D.Mass., 16 F.R.D. 348; Nola Electric Co. v. Reilly, D.C.N.Y., 11 F.R.D. 103.

There are some cases supporting the plaintiff's position in whole or in part. See Austin v. Aluminum Co. of America, D.C.Tenn.1954, 15 F.R.D. 490; O'Connell v. Olsen & Ugelstadt, D.C.Ohio, 10 F.R.D. 142; and Garrett v. Faust, D.C. E.D.Pa., 8 F.R.D. 556. These cases express the minority view.

A leading local decision subscribing to the majority expression is Volk v. Paramount Pictures Inc., D.C.Minn.1950, 19 F.R.D. 103, Civil Action No. 2577, Fourth Division, District of Minnesota.

Barron & Holtzoff's splendid compendium of federal practice contains pertinent supporting statements. In Section 795 thereof, it is said:

"It has been held that a party who has not retained copies of his income tax returns may be required to obtain copies from the Collector and allow the adversary parties to inspect them."

Cited in support of this statement is Reeves v. Pennsylvania R. Co., D.C.Del. 1948, 80 F.Supp. 107. There it was pointed out that a taxpayer retains a potential right to the custody of copies of his income tax returns which are filed with the Commissioner of Internal Revenue, and that this may be converted into an actual custody upon the taxpayer's requesting the Commissioner for copies.

Similarly in Section 798 (1955 Pocket Part), after mentioning two cases subscribing to the minority view, it is said:

" * * * These rulings are contrary to the weight of authority and apparently are based upon a misconception of the statutory mandate of the Internal Revenue Code, 26 U.S. C.A. § 55, that the Bureau of Internal Revenue shall regard original tax returns as confidential and shall disclose them only upon application of the taxpayer or his attorney in fact. Thus a taxpayer has the right in his own interest, to introduce his tax returns in evidence if they are relevant and material. Therefore no good reason appears for permitting him to suppress them when contrary to his interest."

It is clear that a taxpayer may secure copies of his returns from the Commissioner of Internal Revenue. See 26 C.F.R. Section 458.205 (1955 Supplement).

I conclude that while a federal income tax return is privileged, it is privileged only in so far as unauthorized public scrutiny is concerned. Thus the defendants here would have no right to secure a copy of plaintiff's return directly from the Commissioner of Internal Revenue. But this is not to say that a court may not compel the taxpayer himself to secure a copy of the return for proper use in a judicial proceeding upon a showing of good cause.

It is ordered that within a period of 15 days from the date hereof, the plaintiff produce and permit defendants to copy and/or photograph copies of all income tax returns, Federal, State, Munic-

ipal and Canadian, for the years that he has filed them since his arrival in the United States in 1953.

It is further ordered that in the event plaintiff does not have copies of said income tax returns, he will execute and deliver to defendants' counsel, a signed authorization, on a form to be furnished by defendants' counsel, directed to the proper taxing authorities, requesting the furnishing of copies of said returns, the cost of procuring them to be borne by the defendants.