**Edward BURNS, Plaintiff,**

v.

**Robert A. ERSEK, Jerald H. Maxwell, Larry A. Rasmusson, Arvid B. Evensvold, and Lurie, Eiger, Besikof & Co., Defendants.**

**3–83 CIV 971.**

United States District Court,
D. Minnesota,
Third Division.

May 8, 1984.

Stull, Stull & Brody by Robert Stull, New York City, and Jerome S. Rice Law Offices by Diane Kotula, Minneapolis, Minn., for plaintiff.

Moss & Barnett by Thomas J. Shroyer, Minneapolis, Minn., for defendant Lurie Eiger.

## ORDER

ALSOP, District Judge.

This matter comes before the court upon plaintiff's appeal from the order of Magistrate Brian P. Short dated October 26, 1983. That order required plaintiff to produce Schedule D of his federal tax returns for the years 1976 through 1979. Defendant Lurie, Eiger, Besikof & Co. opposes the appeal.

Defendant Lurie Eiger moved to dismiss the complaint in lieu of an answer. Shortly before the time for answer and before the motion to dismiss was made, Lurie Eiger noticed the deposition of plaintiff and requested he produce several documents, among them the Schedule D forms. Defendant says that it intended to limit the scope of these pre-answer discovery proceedings to class issues. Defendant claims such discovery is permitted by the Federal Rules and that plaintiff implicitly agreed to that discovery.

The standard of review applicable to this appeal is found in 28 U.S.C. 636(b)(1)(A) and Rule 14(B)(b) of the Local Rules of the District Court for the District of Minnesota. That standard requires this court to find that the magistrate's order is clearly erroneous or contrary to law before this court reconsiders the matter. This court cannot say that the Magistrate abused his discretion in granting the defendant's request for production. The court agrees that the Schedule D forms are relevant both to plaintiff's individual claim under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and his common law fraud claims. In light of this court's memorandum order dated May 8, 1984 dismissing plaintiff's class claims, the parties agreed limitation of discovery to class issues is now moot and the court expects that discovery will focus on the individual claims remaining in plaintiff's complaint.

Accordingly,

IT IS ORDERED that the order of Magistrate Brian P. Short dated October 26, 1983 granting defendant's motion to compel production of documents be and the same hereby is affirmed and plaintiff's appeal of that order is hereby denied.