### In re UNITED STATES of America, Petitioner.

#### No. 89–5506.

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1989.

Rehearing and Rehearing En Banc Denied March 2, 1989.

---

Barbara L. Herwig, Robert K. Rasmussen, Attys., Appellate Staff, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for appellant.

Stephen F. Lazor, Garza, Moore & Lazor, San Antonio, Tex., for appellee.

Before POLITZ, KING, and SMITH, Circuit Judges.

POLITZ, Circuit Judge:

In this Federal Tort Claims Act suit the United States of America seeks a writ of mandamus to the district court, asking that we vacate that court's order which directs the government to produce records generated in the course of the medical peer review process in a military hospital. Concluding that the district court's order breaches the specifically-erected safeguards of 10 U.S.C. § 1102, we grant the writ of mandamus and vacate the challenged order.

### Background

Vinnie F. Seals, individually and as next friend of Sherron Scott Seals, a minor, filed an FTCA medical malpractice suit, complaining of injuries resulting from faulty prenatal and perinatal care received at an Army hospital. Along with the complaint, the United States Attorney was served with a set of interrogatories and a request for production of documents which required response within 60 days. The government responded 78 days after service, objecting to the production of some of the material, including "medical quality assurance records." The government contended that those records are not subject to discovery under 10 U.S.C. § 1102.

Seals moved to compel and the district court ordered compliance, ruling that the government had waived its objections to the interrogatories and request for production because its objections were untimely. The government filed the instant petition for mandamus and the district court stayed its order pending our decision on the writ application. In the meantime, the government has delivered to Seals all material previously objected to other than the records it contends are subject to the 10 U.S.C. § 1102 prohibition.

### Analysis

The government contends that the district court's order requires its representatives to violate 10 U.S.C. § 1102. The question posed, an important one, presents a matter of first impression for this court.

Congress enacted 10 U.S.C. § 1102 in 1986 to provide for the confidentiality of medical quality assurance records. In doing so, Congress recognized that "[m]edical quality assurance programs are the primary mechanism by which the Military Departments monitor and ensure that quality medical care is provided to Department of Defense beneficiaries." S.Rep. No. 331, 99th Cong., 2d Sess. 245, *reprinted in* 1986 U.S.Code Cong. & Admin.News 6413, 6440. These programs depend on peer review and Congress determined that "[t]o be effective, this type of collegial review process must operate in an environment of confidentiality in order to elicit candid appraisals and evaluations of fellow professionals." *Id.* Concerned that the then-current fear of "release of committee records ... through discovery in litigation ... [results in] beneficiaries ... receiv[ing] less than the high quality care they deserve," *id.*, Congress enacted section 1102 to bar the discovery or use of medical quality assurance records in litigation except in certain limited instances.

The language of the statute is specific and clear. Subsections (a) and (b) provide:

**(a) Confidentiality of records.** Medical quality assurance records created by or for the Department of Defense as part of a medical quality assurance program are confidential and privileged. Such records may not be disclosed to any person or entity, except as provided in subsection (c).

**(b) Prohibition on disclosure and testimony.** (1) No part of any medical quality assurance record described in subsection (a) may be subject to discovery or admitted into evidence in any judicial or administrative proceeding, except as provided in subsection (c). (2) A person who reviews or creates medical quality assurance records for the Department of Defense or who participates in any proceeding that reviews or creates such records may not be permitted or required to testi-

fy in any judicial or administrative proceeding with respect to such records or with respect to any finding, recommendation, evaluation, opinion, or action taken by such person or body in connection with such records except as provided in this section.

Subsection (c) details the particular instances in which the disclosure of records and the giving of testimony is authorized. None of the exceptions to the general proscription, set forth in full in the margin,[1] even arguably applies to litigation under the Federal Tort Claims Act. And the Congress looked upon unauthorized disclosures with a jaundiced eye, providing substantial civil penalties, a fine of up to $3,000 for the first offense, and a fine of up to $20,000 for any subsequent offense.[2]

1. 10 U.S.C. § 1102(c) provides:

**(c) Authorized disclosure and testimony.** (1) Subject to paragraph (2), a medical quality assurance record described in subsection (a) may be disclosed, and a person referred to in subsection (b) may give testimony in connection with such a record, only as follows:

(A) To a Federal executive agency or private organization, if such medical quality assurance record or testimony is needed by such agency or organization to perform licensing or accreditation functions related to Department of Defense health care facilities or to perform monitoring, required by law, of Department of Defense health care facilities.

(B) To an administrative or judicial proceeding commenced by a present or former Department of Defense health care provider concerning the termination, suspension, or limitation of clinical privileges of such health care provider.

(C) To a governmental board or agency or to a professional health care society or organization, if such medical quality assurance record or testimony is needed by such board, agency, society, or organization to perform licensing, credentialing, or the monitoring of professional standards with respect to any health care provider who is or was a member or an employee of the Department of Defense.

(D) To a hospital, medical center, or other institution that provides health care services, if such medical quality assurance record or testimony is needed by such institution to assess the professional qualifications of any health care provider who is or was a member or employee of the Department of Defense and who has applied for or been granted authority or employment to provide

health care services in or on behalf of such institution.

(E) To an officer, employee, or contractor of the Department of Defense who has a need for such record or testimony to perform official duties.

(F) To a criminal or civil law enforcement agency or instrumentality charged under applicable law with the protection of the public health or safety, if a qualified representative of such agency or instrumentality makes a written request that such record or testimony be provided for a purpose authorized by law.

(G) In an administrative or judicial proceeding commenced by a criminal or civil law enforcement agency or instrumentality referred to in subparagraph (F), but only with respect to the subject of such proceeding.

(2) With the exception of the subject of a quality assurance action, the identity of any person receiving health care services from the Department of Defense or the identity of any other person associated with such department for purposes of a medical quality assurance program that is disclosed in a medical quality assurance record described in subsection (a) shall be deleted from that record or document before any disclosure of such record is made outside the Department of Defense. Such requirement does not apply to the release of information pursuant to section 552a of title 5.

2. The civil penalty for violation is provided by 10 U.S.C. § 1102(k):

**(k) Penalty.** Any person who willfully discloses a medical quality assurance record other than as provided in this section, knowing that such record is a medical quality assur-

The district court's order compels the representatives of the government to do that which the Congress has specifically forbidden. We readily agree with the district court that as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived. But that general rule is not applicable here. The representatives of the government with the responsibility for this litigation have no discretion to release medical quality assurance records beyond those instances specifically detailed in the statute. Laches may not be used to create a greater right or privilege than that expressly created by the Congress. Untimely performance by counsel may invite sanctions by the court, but those sanctions do not include ordering conduct which constitutes a breach of the clear mandate of 10 U.S.C. § 1102.

Seals cites *Carr v. Monroe Manufacturing Co.*, 431 F.2d 384 (5th Cir.1970), *cert. denied*, 400 U.S. 1000, 91 S.Ct. 456, 27 L.Ed.2d 451 (1971), in support of the district court's order, suggesting that the court may order the production of documents despite the statutory proscription. *Carr*, and the case upon which it relied, *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir.1970), *cert. denied*, 401 U.S. 974, 91 S.Ct. 1191, 28 L.Ed.2d 323 (1971), are inapposite. Recognizing the supremacy of federal law, those decisions merely hold that in federal question cases the federal court is not bound to enforce state-created privileges.

In light of the express language of 10 U.S.C. § 1102, made even more clear by its legislative history, we are convinced that the district court erred in ordering the government to produce the quality assurance records. Accordingly, the writ of mandamus is GRANTED and the order of the district court is VACATED.

ance record, shall be fined not more than $3,000 in the case of a first offense and not

more than $20,000 in the case of a subsequent offense.