**Janice MAYNARD, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 88–2437(GEB).**

United States District Court,
D. New Jersey.

Sept. 18, 1990.

Michael A. Ferrara, Jr., Ferrara and Waldman, Cherry Hill, N.J., for plaintiff.

Irene Dowdy, Asst. U.S. Atty., Trenton, N.J., for defendant U.S.

Yves C. Veenstra, Parker, McCay and Criscuolo, P.A., Marlton, N.J.

### MEMORANDUM AND ORDER

FREDA L. WOLFSON, United States Magistrate.

Plaintiff, Janice Maynard, initiated this medical malpractice and wrongful death action against the United States under the Federal Tort Claims Act (hereinafter "FTCA") 28 U.S.C. §§ 1346(b), 2671 *et seq.* Plaintiff alleges negligence in the treatment of her deceased son, Jeffrey Moran, during his hospitalization at Walson Army Community Hospital (hereinafter "WACH"). The United States was permitted to file a third-party complaint against Kennedy Memorial Hospital (hereinafter "KMH"), whom it asserts was negligent in its treatment of the deceased.

Presently before the Court is third-party defendant's motion to compel production of documents: 1) a memorandum for record from Quality Assurance Coordinator to Chief Department of Nursing; 2) a report of unusual occurrence, D.A. from 4106; and 3) a portion of the minutes of the risk management committee meeting. This

matter is being considered pursuant to *Fed. R.Civ.P.* 78, and having considered the moving and opposition papers, the Court for the reasons discussed below, orders that third-party defendant's motion to compel discovery is denied.

Third-party defendant, KMH, served on defendant, the United States, certain requests for production of documents. The United States provided a written response, pursuant to *Fed.R.Civ.P.* 34, listing three documents responsive to KMH's request, but which they asserted were confidential and privileged under 10 U.S.C. § 1102 and Army Regulation 40–68. The issue presented to this Court is whether the three documents are privileged pursuant to the conditions of the statute and Army Regulation 40–68.

10 U.S.C. § 1102 sets out the requisites for a finding of the confidentiality of medical quality assurance records. Subsection (a) states that "medical quality assurance records created by or for the Department of Defense as part of a medical quality assurance program are confidential and privileged. Such records may not be disclosed to any person or entity, except as provided in subsection (c)." Subsection (c) details the particular instances in which the disclosure of records and the giving of testimony is authorized.

Army Regulation 40–68 establishes policies and procedures for administering the Army Medical Department's Quality Assurance Program. The relevant section provides:

1–7 Confidentiality Statute

a. *Statute.* The National Defense Authorization Act for fiscal year 1987 (Public Law No. 99–661 (PL 99–661), section 1102 title 10, United States Code (10 U.S.C. 1102) provides that records created by or for the Department of Defense (DOD), in a medical or dental QAP are confidential and precludes disclosure of or testimony about records or findings, recommendations, evaluations, opinions, or actions taken by the QA activity except in limited situations. These records emanating from DOD QA program activities that are produced or compiled by DOD are part of a medical QAP. The statutory privilege is designed to improve the quality of medical care by encouraging a thorough and candid medical peer review process.

The Fifth Circuit case of *In re United States,* 864 F.2d 1153 (5th Cir.1989), has ruled on the application and breadth of 10 U.S.C. § 1102. In that case, plaintiff filed an FTCA medical malpractice suit, complaining of faulty care at an army hospital. After being served with a set of interrogatories and a request for documents, the United States objected to some of the materials dealing with medical quality assurance records. The court held that the medical records were privileged under the statute and did not have to be disclosed, and that none of the exceptions to the general proscription were even arguably applicable to litigation under the Federal Tort Claims Act.

This Court agrees with the reasoning in *In re United States.* The documents sought by third-party defendant, KMH, have been classified by Col. William Miller, Quality Assurance and Risk Management Officer for Walson Army Commanding Hospital, as medical quality assurance reports. The plaintiff has provided no basis to question this classification. Since none of the exceptions to subsection (c) of 10 U.S.C. § 1102 apply to this FTCA case, these privileged and confidential records will be protected from disclosure.

## ORDER

IT IS on this 18th day of September, 1990,

ORDERED that third-party defendant's motion to compel production of documents is denied.