### Anna STORIE, Plaintiff,

v.

### UNITED STATES of America, Defendant.

### No. 90–0659–C(2).

United States District Court, E.D. Missouri, E.D.

Jan. 31, 1992.

---

Laura B. Allen, Heller & Heller, Paul C. Hetterman, Diekemper, Hammond, Shinners, Turcotte and Larrew, St. Louis, Mo., for plaintiff.

Eric T. Tolen, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

PERRY, District Judge.

This matter is before the undersigned on the defendant's motion to compel discovery relating to its first interrogatories and request for production of documents. This motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

## MEMORANDUM

This is an action for personal injuries arising under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, wherein plaintiff alleges she was injured as a result of the United States Government's negligently maintaining a post office in Pacific, Missouri. Plaintiff alleges that on December 16, 1987, she slipped and fell on the floor of that post office, which she alleges had been negligently maintained and was wet and slippery.

Pursuant to an order entered by this Court on January 15, 1991, plaintiff has now filed her answers to interrogatories and responses to the document requests. Plaintiff's counsel asserts that it was plaintiff's belief these responses had previously been filed in June and July of 1990. Plaintiff has also filed a memorandum opposing the motion to compel.

### Interrogatory 2(b)

■ Interrogatory 2(b) seeks to know the names and addresses of persons known to plaintiff or her attorneys who have personal knowledge of any of the allegations raised in her complaint. Plaintiff objects that interrogatory 2(b) is vague, overbroad, and calls for speculation, and explains in her response to the motion to compel that her objection is based on the fact that the complaint sets forth twenty-five separate paragraphs, including allegations as diverse as plaintiff's citizenship and the ownership of the Post Office building. Plaintiff also asserts that in her answers to other interrogatories she has provided information regarding any potential witnesses to the incident which forms the basis of her claim.

The undersigned agrees with plaintiff that if read literally, the interrogatory is overbroad. However, if read practically, the interrogatory is seeking the identity of persons who have personal knowledge of the operative paragraphs of plaintiff's complaint, and the undersigned does not believe that plaintiff's responses to the other subparts of the interrogatory adequately answer the practical question. Therefore, plaintiff will be required to answer interrogatory 2(b) with regard to the allegations set forth in paragraphs 8 through 12, 14, 15, and 20 through 24 of her complaint.

### Interrogatories 6(c), 6(e), 7, and 20

■ These interrogatories seek information regarding plaintiff's past, including whether she has been convicted of a crime and whether she has previously asserted claims or filed lawsuits for personal injuries. Plaintiff argues that whether she has in the past claimed personal injuries to parts of her body other than those involved here is irrelevant. She has answered the interrogatories with regard to the parts of her body which she claims were injured here. In the opinion of the undersigned, this is discoverable information which could lead to the discovery of admissible evidence and should be provided. Plaintiff will therefore be compelled to answer interrogatories 6(c), 6(e), and 7.

With regard to interrogatory 20, plaintiff is required to answer the interrogatory with regard to any conviction or release from confinement occurring after December 16, 1977, but only as to crimes which are felonies or which involved dishonesty or false statement. *See* Federal Rules of Evidence 609.

### Interrogatory 9

■ Interrogatory 9 is basically a contention interrogatory and asks plaintiff to detail specifically her contentions of negligence on behalf of defendant. Plaintiff has objection that contention interrogatories are not proper in a case of this sort. Defendant asserts that the Federal Rules of Civil Procedure approve such interrogatories.

Many courts have debated the usefulness of contention interrogatories in many different types of cases. There is no doubt, and plaintiff agrees, that the information sought is relevant. However, requiring an answer may delve into trial strategies of counsel and may also be burdensome because of the level of detail sought. In the instant case, plaintiff's complaint sets forth, in paragraph 12, her essential claims of negligence, including the information sought by the introductory part of interrogatory 9. In the opinion of the undersigned, interrogatory 9, and particularly its fourteen subparts, is unduly burdensome under the circumstances here; answering all of the subparts would require plaintiff to unnecessarily and unnaturally dissect her theory of her lawsuit and articulate theories which may not be fully developed at this early stage of discovery. Therefore, the motion to compel an answer to interrogatory 9 will be denied, but the denial will be without prejudice to allow the motion to be raised again in the future should defendant be able to show the Court that, after other discovery avenues have been pursued, answers to subparts (a) through (j) are required for it to adequately prepare its defenses for trial.

### Interrogatory 10

■ Interrogatory 10 seeks information regarding expert witnesses. Plaintiff has

filed objections to subparts (d), (e), (f), and (g) of the interrogatory, which seek detailed information regarding the basis of the expert's opinion. Plaintiff has stated that she does not object to subparts (a), (b), and (c). However, the answers plaintiff filed do not respond to subparts (b) and (c), and answers to those subparts will be compelled.

Rule 26(b)(4)(A)(i) requires a party to identify each person expected to be called as an expert witness, to state the subject matter on which the expert is expected to testify, to state the substance of the expert's facts and opinions, and a summary of the grounds for each opinion. The information called for under subparts (d) through (h) is not required to be produced pursuant to Rule 26(b)(4)(A)(i) and therefore the motion to compel will be denied as to those subparts. The information sought therein may properly be obtained through a deposition and accompanying subpoena for production of documents, which, pursuant to the practice in this district, may proceed by agreement of the parties or upon motion of a party. Plaintiff apparently recognizes and agrees that the experts may be deposed, since she has argued that the questions are more properly obtained at a deposition. Plaintiff has also agreed to make the medical records of the treating physician available to the defendant. Under the circumstances, the motion regarding subparts (d), (e), (f), (g), and (h) will be denied.

### Interrogatories 14 and 15

■ Interrogatories 14 and 15 seek information regarding plaintiff's income tax returns from 1981 through the present time. Plaintiff objects that these returns are not relevant, and states that she has agreed to provide wage information for a limited time period. In the opinion of the undersigned, the defendant is not entitled to ten years of income tax returns, but should be entitled to receive tax returns for a limited relevant period of time. Given the fact that plaintiff apparently will seek lost wages through the time of trial, all tax returns from the date of injury to the present are relevant. Additionally, defendant is entitled to receive tax returns for some period prior to the injury for comparison purposes. Therefore, plaintiff will be compelled to provide responses for the tax years ending December 31, 1984 through the time of answering the interrogatories.

### Request No. 1

■ Document request No. 1 seeks witness statements, including any statements of plaintiff herself. On its face this request invades the attorney-client privilege, in that it would require plaintiff to produce statements she made to her own attorney, and it also invades the attorney-work product rule as set forth in Rule 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Plaintiff only objected to the request "insofar as it calls for information which is work product and information which is protected from disclosure by the attorney-client privilege." Thus, if plaintiff possesses any documents which are not entitled to those protections, they must be turned over.

The work product protections are not absolute, but defendant has not made the showing necessary to obtain production of any witness statements taken by plaintiff's counsel. Therefore, the motion to compel with regard to request No. 1 will be denied.

### Request No. 3

Request No. 3 seeks curriculum vitae of experts. To the extent plaintiff or her counsel have such documents in their possession, they should produce them.

### Request No. 4

Request No. 4 seeks tax returns. For the reasons set forth with regard to interrogatories 14 and 15 above, plaintiff will be compelled to produce tax returns for the tax years ending December 31, 1984 through the time of production of documents.

### Request No. 5

■ Request No. 5 relates to documents showing evidence of loss of earnings. Plaintiff objects that this request is so overbroad as to require production of work

product or privileged materials. The undersigned does not agree. There has been no basis established from which one could find that either the work product or attorney-client privilege applies to damage documents, and they are clearly relevant. Therefore, plaintiff will be compelled to produce the documents requested in request No. 5.

### Request Nos. 6 and 8

These requests seek documents either referred to, relied on, or identified in response to the first set of interrogatories. Plaintiff again objects that these are worded so broadly as to require production of privileged and work product materials. The undersigned does not interpret the requests to require production of documents such as attorneys' notes of conversations with plaintiff, and that sort of attorney-client material will not be required to be produced. Except for documents which are clearly attorney-client communications, however, all documents responsive to requests 6 and 8 must be produced.

### ORDER

IT IS HEREBY ORDERED that defendant's motion to compel discovery is granted in part as follows: plaintiff is required to answer interrogatory 2(b), with regard to allegations contained in paragraphs 8 through 12, 14, 15, and 20 through 24 of her complaint, interrogatories 6(c), 6(e), and 7, interrogatory 20 (with the limitations set forth in the memorandum above), interrogatories 10(b) and 10(c), and interrogatories 14 and 15 (with the limitations set forth in the memorandum above). Plaintiff is also ordered to produce documents requested in request Nos. 3, 4 (with the limitations set forth above), 5, 6, and 8. Defendant's motion is denied in all other respects. Plaintiff is required to comply with this order within twenty (20) days from this date.