**William DUNLAP, Plaintiff,**

v.

**MIDCOAST–LITTLE ROCK, INC., Defendant.**

**No. LR–C–94–774.**

United States District Court,
E.D. Arkansas,
Western Division.

Sept. 15, 1995.

Denise Reid Hoggard, Janet L. Pulliam, Pulliam Law Offices, P.A., Little Rock, AR, for plaintiff William Dunlap.

Joseph H. Purvis, Dover & Dixon, Little Rock, AR, Shelley M. Roither, James N. Foster, Jr., McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, for defendant Midcoast–Little Rock, Inc.

### ORDER

EISELE, District Judge.

Before this Court is Defendant's Motion to Compel Discovery. Defendant's motion is timely as it was filed 10 days after

the parties had a discovery conference.[1] Defendant is requesting that Plaintiff produce copies of all state and federal income tax returns filed by the Plaintiff for the years 1993 to present.[2] Plaintiff's response to this original request was "Plaintiff here provides copies of Plaintiff's W2s filed for the years 1993 and 1994."[3] The Court finds that such a response is not an "objection" within the meaning of Fed.R.Civ.Pro. Rule 34.[4] Rule 34 requires that the "reasons for the objection shall be stated" and that an objection to part of a item requires that the "part shall be specified." Fed.R.Civ.Pro. Rule 34(b). Plaintiff's response to Defendant's request for production (paragraph 11) does not meet these requirements. Plaintiff may not now object to this request. *See In re United States,* 864 F.2d 1153, 1156 (5th Cir.1989) (finding a party's failure to timely object to production requests constitutes a waiver of such objections).[5] Plaintiff admits that the Defendant received answers to its request for production of documents "no later than June 16, 1995."[6] It is now too late for Plaintiff to assert that "there is nothing of substance in a tax return" or that it is "irrelevant" such arguments are properly asserted in an objection to the production request—not in a motion to compel for failure to respond.[7]

▪ In any event, the documents sought by the Defendant *are* relevant to the claims for relief made by the Plaintiff. One of the purposes for an award under Title VII is to make a person whole for injuries caused by the illegal employment discrimination, and the award of compensatory damages for humiliation or emotional suffering is an appropriate remedy for the deprivation of a constitutional right. *Williams v. Trans World Airlines,* 660 F.2d 1267, 1272 (8th Cir.1981). The Plaintiff is seeking compensatory damages and lost income. Discovery has uncovered a report of a psychological consultation that indicates that the Plaintiff expressed feelings of depression "due to his inability to work [and] financial problems ..." Rule 26(b)(1) of the Federal Rules provides that discovery need not be confined to that which is admissible as evidence, but that which is reasonably calculated to lead to the discovery of admissible evidence. The Court finds that Defendant's request meets this standard.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Discovery[8] is GRANTED and Plaintiff is ordered to produce the documents specified in defendant's request for production, paragraph 11, by September 21, 1995.

1. The record indicates that a discovery conference was held on August 14, 1995. *See* Docket No. 24.

2. "The originals, or if the originals no longer exist, true copies of all state and federal income tax returns, including Form W–2's filed by Plaintiff for the years 1993 to present." *See* Docket No. 30, Exhibit 1, Request for Production, para. 11.

3. *See* Docket No. 30, Exhibit 2, p. 3.

4. Objections should be plain enough and specific enough so that the court can understand in what way the requests are alleged to be objectionable. *See Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir.1981).

5. See also *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir.1981).

6. Docket No. 31.

7. Fed.R.Civ.Pro. Rule 34 requires a written response, stating any objections, within thirty days.

