Timothy M. BROWN, Susan
M. Brown, Plaintiffs,

v.

UNITED STATES OF AMERICA,
Defendant.

No. 95–CV–288C(F).

United States District Court,
W.D. New York.

April 20, 1998.

Connors & Vilardo, Buffalo, NY, Margaret L. Phillips, of counsel, for Plaintiffs.

Denise E. O'Donnell, United States Attorney, Buffalo, NY, MaryEllen Kresse, Assistant United States Attorney, of counsel, for Defendant.

## DECISION and ORDER

FOSCHIO, United States Magistrate Judge.

### *JURISDICTION*

This matter was referred to the undersigned for all pretrial matters, including entry of scheduling orders, by order of Hon. John T. Curtin entered January 29, 1998. It is presently before the court on Defendant's motions to compel, filed January 6, 1998, and to bifurcate or to extend discovery, filed March 23, 1998.

### *BACKGROUND*

This Federal Tort Claims Act action was commenced on April 13, 1995; an amended complaint was filed on July 6, 1995. Plaintiffs allege that while working on February, 12, 1992 at a local government contractor which manufactured plastic casings for submarine batteries used by the United States Navy, Mr. Brown suffered severe and permanent injuries when a plastic injection mold fell on his right leg. Plaintiffs assert that Defendant's negligent design and specifications caused the mold to slip as it was being hoisted during the manufacturing process of the casings. Plaintiffs claim that the mold was also inherently dangerous and breached Defendant's duty to warn and warranty of merchantability and fitness. Mrs. Brown claims loss of consortium. Defendant answered on October 26, 1995.

On December 5, 1995, Judge Curtin met with the parties and being advised that related actions had been filed in state court, directed all discovery be completed by December 16, 1996, and directed the parties to report to the court on that date. (Doc. # 9). The court met with the parties on that date and, being informed that discovery was not complete, Judge Curtin directed, at Plaintiffs' request, Defendant to produce documents which were thought to include design specifications for the mold. The court further directed the parties to cooperate with counsel in the state court actions to facilitate timely discovery in both actions. After not-

ing that the "delay in completion of discovery" in this action was "to be remedied forthwith," Judge Curtin extended to July 21, 1997 the period within which discovery was to be completed. (Doc. # 11).

By order entered July 17, 1997, at the request of both parties, the court again extended the period for discovery to January 19, 1998. (Doc. # 13). The court specifically stated that as it was granting a "long extension" it was "imperative that no application be made for a further extension" and directed that "the parties shall turn their attention toward the completion of discovery in this case." *Id.* Nevertheless, on December 29, 1997, based on a letter received from the Defendant advising that a dispute had arisen regarding payment of expenses for a deposition of Defendant's witness whose testimony was needed to complete discovery, (Doc. # 14), the court further extended the discovery period to April 15, 1998. (Doc. # 15).

On January 6, 1998, Defendant filed, as noted, the instant motion to compel. Judge Curtin thereupon entered an order directing Plaintiffs' counsel to respond to the Defendant's discovery requests "as completely as she possibly can" and to file an affidavit explaining why any of Defendant's demands cannot be met. (Doc. # 17).

On January 14, 1998, Plaintiffs filed their response to Defendant's motion in which Plaintiffs stated that they could not respond to the outstanding interrogatories because they now needed to learn, through a deposition of a Navy representative, where the designs for the mold were located. (Doc. # 18 ¶ 14). Following a pretrial conference with the parties, conducted January 26, 1998, Judge Curtin, by order entered March 18, 1998, directed Defendant pay the travel expenses incurred by Defendant's witness in connection with his deposition. The order of referral to the undersigned was entered January 29, 1998 and directed the parties to appear before Judge Curtin on May 5, 1998 to set a trial date and a schedule for further motions. (Doc. # 22). On March 23, 1998, Defendant moved to bifurcate damage discovery from the liability question or to extend the period for discovery. By letter dated March 26, 1998, the Defendant advised the court that Plaintiffs joined in the motion.

This discovery dispute arises from Plaintiffs' failure to answer Defendant's First Set of Interrogatories Nos. 13–18 and its Demand for Disclosure of testifying experts pursuant to Fed.R.Civ.P. 33 and 26(a)(2) which were served November 14, 1995. Interrogatories 13–18 ask Plaintiffs to identify the bases for Plaintiffs' allegations of negligence, strict liability, failure to warn, and breach of warranty against Defendant. Defendant's expert disclosure demand calls upon Plaintiffs to identify their testifying experts and provide copies of any expert's reports along with the substance of any facts or opinions to which such experts are expected to testify. Exhibit A to Affidavit of MaryEllen Kresse, Assistant United States Attorney, filed January 6, 1998, in Support of Defendant's Motion to Compel ("Kresse Affidavit") at 6–7.

Plaintiffs served their Request for Documents on January 10, 1996 in which they requested blueprints, designs and specifications regarding the plastic mold at issue. Exhibit D to Phillips Affidavit Request # 5. On March 30, 1997, Defendant served its response to Plaintiffs' document requests stating it had no responsive documents to Plaintiffs' requests but agreed to provide "tangentially-related contract documents and blueprints" provided the parties entered into a confidentiality agreement (Kresse Affidavit, ¶ 14). In its response, dated March 3, 1997, Defendant stated it had no specifications or designs responsive to Plaintiffs' request. Kresse Affidavit, Exhibit I at 4–5. Defendant served a supplementary response on July 3, 1997 which indicated Defendant was not aware of the location of documents responsive to Plaintiffs' requests. Kresse Affidavit, Exhibit K. Thereafter, on June 12, 1997, the court approved a confidentiality agreement between the parties covering disclosure of the documents Defendants had agreed to produce.

For their answers to Interrogatories Nos. 13–18, which were served January 10, 1996, Plaintiffs stated that their attorneys "lack precise information and knowledge required to respond ..." reserving the right to sup-

plement their answers. Exhibit B to Affidavit of Margaret L. Phillips, Esq. In Opposition to Defendant's Motion to Compel ("Phillips Affidavit"), filed January 14, 1998 at 11–14. Plaintiffs did not object or move for a protective order with respect to any of the interrogatories at issue or Defendant's demand for expert disclosure.[1] According to Defendant, by letter dated January 10, 1996, Plaintiffs advised that they had not retained any experts to testify at trial. Kresse Affidavit at 5. However, in a letter to one of Plaintiffs' attorneys, dated December 9, 1997, Defendant noted that the attorney had represented in a recent letter that Plaintiffs had obtained the assistance of an expert and reminded Plaintiffs of their continuing obligation to respond to Defendant's demand for disclosure of such expert information. Exhibit L to Kresse Affidavit. Based upon the papers submitted on this motion, it appears that Plaintiffs have yet to respond to Defendant's demand.

Since serving its interrogatories and expert disclosure requests in 1995, Defendant repeated its demand that Plaintiffs provide the requested discovery in several letters to Plaintiffs, but did not move to compel. Eventually, by letter dated May 8, 1996, Plaintiffs took the position that they could not respond to the unanswered interrogatories until Defendant provided the specifications and designs for the plastic mold at issue as Plaintiffs had requested in January, 1996. Exhibit F to Kresse Affidavit. However, Defendant did not move to compel, and no answers to the interrogatories were provided at that time. After the December, 1996 conference with the court, the question of the unanswered interrogatories was again raised by Defendant. Kresse Affidavit, ¶ 11. Thereafter, by letter dated January 30, 1997, Defendant agreed to respond to Plaintiffs' document requests on condition that Plaintiffs respond to the outstanding interrogatories within sixty days of receipt of the specifications. Kresse Affidavit, ¶¶ 12–13.

However, on March 3, 1997, Defendant responded to the Plaintiffs' document requests by stating that it had no documents responsive to Plaintiffs' requests, i.e. the designs and specifications, but agreed to provide materials which it characterized as "tangential," Id., ¶ 14, provided the parties entered into a confidentiality agreement which, as noted, was eventually signed on June 10, 1997. Defendant supplemented its responses in July, 1997, stating it lacked information as to the location of the design and specifications. After delivery of the documents on June 17, 1997, and in July, 1997, Plaintiffs again failed to serve the interrogatory answers which were expected by Defendant. Id., ¶ 18.[2]

However, Defendant did not move to compel, rather, Defendant waited until December 9, 1997 to remind Plaintiffs the requested discovery was overdue. Id. ¶ 19. Plaintiffs responded by letter dated December 16, 1997 advising that counsel were "reviewing your [Defendant's] request." Exhibit N to Kresse Affidavit. Defendant then advised Plaintiffs that unless responses to Defendant's outstanding discovery demands were received by December 23, 1997, Defendant would move to compel. Kresse Affidavit, ¶ 21. Plaintiffs replied in a letter stating that they would answer the outstanding interrogatories "if supplemental responses … are appropriate" prior to the pretrial conference with Judge Curtin then scheduled for January 19, 1998. Id., ¶ 22. Plaintiffs' letter also alluded to a possible discontinuance of the action following a deposition of an employee of the Navy. Exhibit P to Kresse Affidavit.

In their opposing affidavit to the instant motion, Plaintiffs assert that they have been unable to provide the requested discovery because of Defendant's failure to provide them with the actual mold designs and specifications or accurate information as to the location of such designs necessitating a deposition of the Navy employee which has since

---

1. Plaintiffs' interrogatory answers were not sworn to as required by Fed.R.Civ.P. 33(b)(1), however, Defendant has not raised this defect.

2. Defendant's Supplemental Response included a Declaration of Commander Yacono stating that

the location of any documents relevant to Plaintiffs' complaint, other than those produced, was unknown to the Department of the Navy. Exhibit K to Kresse Affidavit.

been conducted. Phillips Affidavit, at 12, 14–17. Plaintiffs further asserted that their failure to respond to Defendant's request for expert disclosure was justified as no order has been entered directing such disclosure earlier than specified by Fed.R.Civ.P. 26(a)(2)(C) which requires that the identity and related reports of testifying experts required to be filed by Rule 26(a)(2)(B) unless otherwise directed by the court shall be filed not later than 90 days prior to trial.

## DISCUSSION

■ It is the obligation of a requested party to provide discovery that is relevant to the case. Fed.R.Civ.P. 26(b)(1). If a requested party believes any discovery request served upon it to be unduly burdensome or oppressive, the requested party may seek from the court a protective order upon good cause shown. Fed.R.Civ.P. 26(c). Discovery of the identity of persons having knowledge or custody of discoverable material may also be obtained. *Id.* Further, objections to interrogatories are deemed waived unless timely interposed. Fed.R.Civ.P. 33(b)(4).

■ An interrogatory seeking a contention based upon a fact is not objectionable, however, the court may delay response until discovery is complete. Fed.R.Civ.P. 33(c). As relevant to the case at bar, a contention interrogatory may ask a party to state all the facts upon which it bases a contention. *B. Braun Medical, Inc. v. Abbott Laboratories,* 155 F.R.D. 525, 527 (E.D.Pa.1994) (in patent case defendant not required to answer contention interrogatories as it might have to rely on case theories it had not yet fully developed) (citing *Storie v. United States,* 142 F.R.D. 317, 319 (E.D.Mo.1991)). Courts will therefore often defer ordering answers to contention interrogatories until the end of discovery and a requesting party will be required to show how an earlier response assists the goals of discovery such as exposing a substantial basis for a motion under Fed. R.Civ.P. 11 and 56. *Braun, supra,* at 527; *Fischer and Porter Co. v. Tolson,* 143 F.R.D. 93 (E.D.Pa.1992); *In re Convergent Technologies Securities Litigation,* 108 F.R.D. 328, 338 (N.D.Cal.1985) (contention interrogatories appropriate after a substantial amount of discovery has been conducted). As Defendant seeks the basis for Plaintiffs' allegations of liability, the court finds Interrogatories Nos. 13–18 are contention interrogatories.

Discovery from non-parties may be obtained pursuant to Fed.R.Civ.P. 45. In this case, Plaintiffs neither objected to Defendant's interrogatories nor its demand for disclosure of experts. As a technical matter, Plaintiffs therefore waived any objections to the interrogatories and could be compelled to answer for that reason. However, Plaintiffs base their failure to provide answers to Defendant's Interrogatories Nos. 13–18 on the ground that they first must examine the specifications of the mold at issue and Defendant has been unable to provide such information as a condition to Plaintiffs' answers to the outstanding interrogatories. Therefore, the court will not direct answers on this basis.

■ Plaintiffs further assert, however, that as it now appears that such information is not in the Defendant's possession, they continue to be unable to answer the outstanding interrogatories and therefore are not required to do so. Plaintiffs are incorrect. Unless excused by court order, a requested party must provide relevant discovery. *Chaveriat v. Williams Pipe Line Co.,* 11 F.3d 1420, 1426 (7th Cir.1993) (fact that plaintiff could not provide defendant with requested discovery that was not within plaintiff's control did not prevent defendant from obtaining such information through issuance of *subpoena duces tecum* pursuant to Fed.R.Civ.P. 45). Moreover, the federal rules of discovery grant parties various discovery devices by which to obtain requested information particularly as in a case like the instant one where Plaintiff's have alleged theories of liability as to which they alone have the legal burden of proof. *Id.* at 1426–27.

■ Here, although the Defendant waited over two years to move to compel, there is also little doubt that Plaintiffs have failed to pursue discovery with the degree of vigor Judge Curtin expected. Moreover, it is not Defendant's obligation to prove Plaintiffs' case nor, absent good cause shown or timely

objections which have been waived in this case, may a requested party refuse to respond to properly served discovery requests. *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066–68 (2d Cir.1979) (plaintiff's continued refusal of comply with discovery procedures, even in the absence of a court order directing such compliance, was ground for dismissal of case). The fact that Plaintiffs believe they need access to documents held by a non-party to enable them to respond to the Defendant's interrogatories does not relieve them of the obligation to answer. *See Chaveriat, supra; see also Gottex Industries v. Menczel*, 1995 WL 459242, *1 (S.D.N.Y.1995) ("If it should appear that discoverable documents are not within plaintiff's possession, custody or control, defendant may apply for leave to proceed by subpoena"); *Central California Conference Association of the Seventh–Day Adventists v. Great American Insurance Company*, 1998 WL 46813, *1 (D.Or. 1998) (defendant was not required to retrieve document from entities not within its control to provide information requested by plaintiff as plaintiff could subpoena third parties to obtain such information). Plaintiffs have had ample time within which to obtain access to whatever documents they believe are needed to enable them to answer Defendant's Interrogatories Nos. 13–18, including the benefit of discovery which could be in connection with the parallel state actions. Indeed, Judge Curtin directed, in July, 1997, the parties to cooperate with counsel in the state court actions to facilitate such discovery.

Additionally, Plaintiff has an obligation to prosecute claims based on a good faith belief that their allegations have evidentiary support or, *"if specifically so identified,* are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed.R.Civ.P. 11(b)(3). As alleged in the Amended Complaint, none of Plaintiffs' claims against Defendant are identified as requiring discovery to establish the existence of the good faith basis for them as required by Rule 11. Plaintiffs' belated posture that no responses are required because the specifications apparently are in the possession of a third party, side steps the issue. It was Plaintiffs' obligation, not De-

fendant's, to obtain whatever discovery they required to enable them to respond to Defendant's interrogatories. Plaintiffs have known at least since March, 1997 that Defendant did not have the documents Plaintiffs claim they need to examine as a basis to answer Defendant's interrogatories. Based on Plaintiffs' response to Defendant's motion, it is apparent that Plaintiffs have failed to act with sufficient alacrity to locate such information.

Significantly, Plaintiffs have failed to explain why access to the designs and specifications for the mold are even essential prerequisites to their ability to answer the interrogatories at issue. Specifically, no indication is given that Plaintiffs could not obtain access to the mold itself and by direct observation enable themselves, presumably with the assistance of an expert, to thereby learn the design features of the mold and indeed the related manufacturing equipment and processes which were involved at the time of the accident.

Although Plaintiffs initially stated they had not retained experts and thus could not respond to Defendant's demand in 1995, by December, 1997 Plaintiffs indicated that they had indeed retained such an expert. As the court is directing disclosure of Plaintiffs' expert witness in accordance with the case management order, *see* Case Management Order, *infra,* the court need not address the effect of Plaintiffs' failure to object to Defendant's specific demand for such information.

The court finds that as the case is now three years old, it is necessary to enter a case management order which will move the case toward completion in a fair but expeditious manner. The court also finds that Plaintiffs have had sufficient opportunity in this action to obtain the information they claim to need to enable them to answer the interrogatories at issue. Further, Defendants are entitled to know at some point what if any expert evidence they may be expected to confront.

Accordingly, Defendant's motion to compel (Doc. # 16) is GRANTED in part and DENIED in part. Plaintiffs are therefore directed to answer Defendant's Interrogatories Nos. 13–18 not later than 60 days following service of this order. Plaintiffs' expert disclosures will be required in accordance with

the following case management order. The joint motion to bifurcate damages discovery (Doc. # 24) is DENIED as such bifurcation will only serve to create potential relevancy disputes engendering further unnecessary delay. Additionally, the court's entry of the Case Management Order extending the time within which to complete discovery obviates much of the justification for the proposed bifurcation of discovery. Finally, as Defendant has not requested sanctions, none will be imposed.

### CASE MANAGEMENT ORDER

The parties will complete all fact discovery not later than **July 31, 1998.** Plaintiff shall fully comply with the requirement for expert disclosure in accordance with Rule 26(a)(2) not later than **May 15, 1998;** Defendant shall comply with Rule 26(a)(2) not later than **June 30, 1998.** All motions to compel shall be filed not later than **July 17, 1998.** A settlement conference before the undersigned is scheduled for **August 19, 1998** at **2:00 p.m.** The parties or representatives with full settlement authority shall be present. The parties shall also abide by any order Judge Curtin may enter for the filing of dispositive motions. If Judge Curtin shall not enter such an order at the pretrial conference scheduled for May 5, 1998, all dispositive motions in this case shall be filed not later than **September 15, 1998,** returnable before the undersigned. If dispositive motions are not filed, the parties shall promptly contact Judge Curtin's chambers to set a trial date.

It is also apparent to the undersigned that the extensive letter writing to the court by the parties regarding the issues which have arisen has not served to resolve issues or to complete discovery in a timely manner. The parties are therefore directed to communicate with the court only by formal pleading or motion filed and served in strict accordance with the Federal Rules of Civil Procedure and this court's Local Rules of Civil Procedure. No costs to either party.
SO ORDERED.