**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

**v.**

**CERIDIAN CORP., Defendant.**

**Civil No. 07–4086 (DSD/JJG).**

United States District Court, D. Minnesota.

Sept. 16, 2008.

Jean P. Kamp, Equal Employment Opportunity Commission, Milwaukee, WI, John–Na C. Hendrickson, Nicholas J. Pladson, Equal Employment Opportunity Commission, Minneapolis, MN, for Plaintiff.

R. Scott Davies, David A. Schooler, Michael C. Wilhelm, Briggs & Morgan, PA, Minneapolis, MN, for Defendant.

## ORDER

JEANNE J. GRAHAM, United States Magistrate Judge.

The above-entitled matter came before the undersigned on August 26, 2008 on a motion to compel (Doc. No. 14) by defendant Ceridian Corporation (Ceridian). Nicholas J. Pladson, Esq., appeared for plaintiff Equal Employment Opportunity Commission (the EEOC). Michael C. Wilhelm, Esq., appeared for defendant Ceridian. Being duly advised of all the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Ceridian's motion to compel discovery (Doc. No. 14) is **DENIED.**

2. The following memorandum is incorporated by reference.

## MEMORANDUM

In this litigation, the EEOC is proceeding on behalf of charging party James Shelton, who was formerly employed by Ceridian. The complaint chiefly asserts employment discrimination in violation of Title VII of the Civil Rights Act.

Through a request for production, Ceridian seeks disclosure of Shelton's tax returns for certain years. The EEOC supplied W–2 and 1099 forms but did not produce complete returns. In its answer to the request for production, the EEOC objected to production of the tax returns as irrelevant and unduly burdensome, adding that disclosure would violate Shelton's confidentiality interests in the returns. Ceridian now moves to compel this discovery.

In the moving papers, both sides briefly dispute relevancy. But there is ample reason to conclude the tax returns are relevant in this employment discrimination litigation. For instance, where adverse employment actions led to demotions or dismissal, then pecuniary damages may be calculated from the amount by which the employee's earnings were reduced. *See generally Excel Corp. v. Bosley,* 165 F.3d 635, 638–40 (8th Cir.1999) (explaining pecuniary damages for front pay and back pay in Title VII actions). And where the employee is terminated, that person must mitigate damages, and thus post-termination earnings may show the employee's efforts to satisfy this obligation. *See Sellers v. Mineta,* 358 F.3d 1058, 1066 (8th Cir.2004). Tax returns are evidence of an employee's earnings, and therefore, they are relevant to these issues.

The center of the parties' dispute, instead, is whether the EEOC can object to disclosure of the tax returns on the basis of an employee's confidentiality interests in their tax filings. As the EEOC correctly notes, federal courts generally resist discovery of tax returns. *See generally Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 74 (7th Cir.1992); *Premium Serv. Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir.1975).

Consistent with this principle, a preponderance of authorities set out a two-part

standard for deciding whether tax returns should be disclosed. First, a court examines whether the returns are relevant. If so, then the question becomes whether there is a compelling need for the returns. When looking at whether there is a compelling need, a court examines whether the information in the returns is readily obtainable from another source. *See, e.g., Trudeau v. New York State Consumer Protection Bd.,* 237 F.R.D. 325, 331 (N.D.N.Y.2006); *Johnson v. Kraft Foods North America, Inc.,* 236 F.R.D. 535, 539 (D.Kan.2006); *A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 191 (C.D.Cal. 2006).

■ When applying this standard, most courts use a burden-shifting test. The party seeking discovery has the initial burden to show that the tax returns are relevant. The burden then shifts to the adverse party, to show the information in the tax returns is more readily obtainable elsewhere. *See, e.g., A. Farber & Partners, Inc.,* 234 F.R.D. at 191; *Gattegno v. Pricewaterhousecoopers, LLP,* 205 F.R.D. 70, 72 (D.Conn.2001). *But see Terwilliger v. York Int'l Corp.,* 176 F.R.D. 214, 216 (W.D.Va.1997) (ruling that the party seeking discovery has the burden to show that tax returns are the best available source).

Once relevancy is shown, if the party resisting discovery identifies documents other than tax returns that will supply the needed information, that party meets its burden. In particular, if the party offers to show its earnings through tax forms such as W–2s and 1099s, then disclosure of complete returns is not necessary. *Gattegno,* 205 F.R.D. at 73; *Terwilliger,* 176

F.R.D. at 217–18; *Hilt v. SFC Inc.,* 170 F.R.D. 182, 189 (D.Kan.1997).

■ As noted at the outset, relevancy is satisfied here, and so the dispositive issue is whether there is a compelling need for the tax returns. Because the EEOC provided Ceridian with W–2s and 1099s, this Court is satisfied that the information about Mr. Shelton's earnings is readily available from other sources.[1] For this reason, there is no need to compel production of his tax returns, and Ceridian's motion to compel is accordingly denied.

Ceridian interposes several arguments against this outcome. One is that, because the tax returns would be produced under the protective order in this matter, any confidentiality interests would be adequately guarded. At least one published case supports this position. *See Buntzman v. Springfield Redevel. Auth.,* 146 F.R.D. 30, 33 (D.Mass.1993). But that decision does not offer much substantive analysis. Pursuant to the two-part standard, when examining the question of compelling need, courts generally focus on the availability of information from other sources, not whether confidentiality can be maintained in other ways. This Court concludes that the protective order does not influence the underlying analysis here.

In the context of this argument, Ceridian notes that under the terms of the stipulation that led to the protective order, the parties agreed that tax forms are "highly personal" and so may be designated confidential. Once this protection was acknowledged, Ceridian contends, the EEOC cannot now resist production by

---

1. Ceridian has offered to make Mr. Shelton's tax returns available for in camera review, so that this Court can verify that the W–2s and 1099s fully disclose information about Mr. Shelton's earnings. Although some courts conduct an in camera review to establish completeness in this context, this Court is satisfied by the EEOC's representation that all forms are being disclosed. This Court accordingly declines to conduct in camera review at this time, but if omissions later become evident, Ceridian may seek an in camera review for good cause shown.

citing confidentiality concerns. The EEOC responds that, by the terms of the stipulation, it did not waive objections to discovery on "any lawful grounds." That language is enough to preserve its objection here.

Ceridian also cites some decisions that do not apply the two-part standard. Of the more contemporary cases that devote substantial analysis in this area, these cases are in the minority and this Court declines to apply them here. *See, e.g., Maddow v. Procter & Gamble Co.,* 107 F.3d 846, 853 (11th Cir.1997); *Shearson Lehman Hutton, Inc. v. Lambros,* 135 F.R.D. 195, 198 (M.D.Fla.1990).

Eighth Circuit courts have yet to take a clear position regarding the two-part standard. In a few less recent published cases, some district courts have summarily ordered disclosure of tax returns. *See Storie v. United States,* 142 F.R.D. 317, 320 (E.D.Mo.1991); *Burns v. Ersek,* 587 F.Supp. 719, 720 (D.Minn.1984). Another published case noted the differing approaches but declined to decide the issue. *See In re Cummins,* 144 B.R. 426, 427 (Bankr.W.D.Ark.1992).

In their papers, the parties focus on the decision of the Eastern District of Arkansas in *Dunlap v. Midcoast–Little Rock, Inc.,* 166 F.R.D. 29 (E.D.Ark.1995). Although the court noted in dicta that tax returns were relevant, it ordered disclosure chiefly because the party resisting discovery did not timely serve objections. *See id.* at 30. As a result, *Dunlap* does not advance the analysis here. There being no other contemporary Eighth Circuit authorities that provide substantive guidance, this Court will apply the majority rule.

At the motion hearing, Ceridian frequently cited the decision from this District in *Lind v. Canada Dry Corp.* 283 F.Supp. 861 (D.Minn.1968). The court summarily held that tax returns were dis-

coverable, saying that the issue was "too well settled to require substantial argument." *Id.* at 865. To support this position, the *Lind* court cited three other cases, including another one Ceridian mentioned at the motion hearing, this District's decision in *Volk v. Paramount Pictures,* 19 F.R.D. 103 (D.Minn.1950).

The leading case cited by *Lind,* however, is another decision from this District, *Karlsson v. Wolfson,* 18 F.R.D. 474 (D.Minn.1956). After carefully reviewing the authorities then in force, the *Karlsson* court ruled that under the majority rule, there is no personal confidentiality interest in tax returns. *Id.* at 475–76. This analysis is so dated, and so inconsistent with current authorities on this topic, that it is too remote to have persuasive value here.