**416**

Alexander **CORNAGLIA**, on behalf of himself and all others similarly situated

v.

Franc M. **RICCIARDI** et al.

Civ. A. No. 73–634.

United States District Court, E. D. Pennsylvania.

April 15, 1974.

David Berger, P. A., Richard D. Greenfield, Philadelphia, Pa., for plaintiff.

Edwin P. Rome, J. Grant McCabe, III, Donald A. Scott, David P. Bruton, Jerome J. Shestack, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiff, Alexander Cornaglia commenced this class action to recover damages claimed to have been sustained as a result of the purchase of Richton International Corporation ("Richton") stock pursuant to an allegedly false and materially misleading prospectus and registration statement dated March 23, 1972.

The suit is based upon alleged violations of Section 10(b) of the Securities Act of 1934, 15 U.S.C. § 78j(b), Rule 10(b)–5 promulgated thereunder, and Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k(a). The essence of the complaint is that the named defendants combined and conspired, primarily through the preparation and promulgation of the materially false and misleading prospectus and financial statement, to sell shares of Richton for a grossly excessive consideration, all to the financial detriment of the plaintiff and members of the purported class.

The instant matter is presently before the Court on a series of pretrial motions filed by both the plaintiff and the defendants named herein. In light of its determinative nature, defendants' motion pursuant to Rule 11 of the Federal Rules of Civil Procedure to dismiss the complaint or to strike particular allegations thereof will be considered initially.

### 1. Defendants' Motion Under Rule 11

Rule 11 provides in relevant part: "The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good grounds to support it; and that it is not interposed for delay. If a pleading is not signed or signed with an intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served."

The present and former directors and officers of Richton and certain selling shareholders named in the complaint contend that the responses to the interrogatories and requests for production of documents propounded to the plaintiff Cornaglia have led the defendants to believe that plaintiff's counsel did not have "good ground" to support the allegations contained in the complaint as required by Rule 11. The defendants, including the corporate directors and un-

affiliated selling shareholders, submit that counsel for the plaintiff did not have sufficient factual basis to support the allegations of fraud and conspiracy at the time they filed the complaint.

In response to defendants' Rule 11 motion to strike the complaint for lack of good grounds shown, plaintiff avers that a thorough and extensive examination of the Richton 1972 annual report, the March 23, 1972, prospectus and other published financial data led the attorneys to believe that good grounds existed for the initiation and prosecution of this law suit. Also relied on by the plaintiff to support the allegations of fraud and material misrepresentation is the fact of the precipitous decline in the earnings and market value of the Richton stock throughout the year following the publication of the prospectus and registration statement.

At the close of oral argument held in connection with the Rule 11 and other discovery motions, counsel for the plaintiff submitted for the Court's *in camera* inspection an affidavit compiled by Richard D. Greenfield, the attorney originally retained by Mr. Cornaglia. This affidavit outlines in some detail the factual basis and legal theories upon which the allegations of fraud and misrepresentation are based. Mr. Greenfield states in the affidavit that he had the principal responsibility for the investigation of the circumstances surrounding the plaintiff's financial setback and for determining whether one or more valid causes of action were available through which Mr. Cornaglia could obtain relief. In the course of the aforesaid investigation, Mr. Greenfield examined Richton's March 23, 1972, prospectus, the 1972 annual report, the proxy statement of December 5, 1972, the files of the Securities Exchange Commission and various other financial publications. The conclusions reached, based upon the knowledge, information and belief of the affiant and other counsel for the plaintiff,

were incorporated into the allegations of the complaint.

Defendants argue that the Rule 11 requirement of good ground contemplates more than the asserted conclusions of experienced and knowledgeable counsel based upon an analysis and review of matters of public record.

The issue presented for this Court's determination is whether the pleadings, to date, contain sufficient basis in law and fact to support the allegations of the complaint. In Murchison v. Kirby, 27 F.R.D. 14 (S.D.N.Y.1961), a stockholders derivative action, the court held that "a pleading should be stricken only when it appears beyond peradventure that it is sham and false and that its allegations are devoid of factual basis; otherwise it would deprive a party of his right to a trial of the issues posed by his complaint—it would mean trial by affidavits." 27 F.R.D. at 19. The *Murchison* court denied the defendant's motion to dismiss the pleadings, placing significant emphasis on what it termed the "good faith" assertion of the plaintiff's attorneys that good grounds existed to support the charges.

The case of Brand v. Tisch, 253 F. Supp. 122 (S.D.N.Y.1966), involved the disposition of a Rule 11 motion under circumstances remarkably similar to the present proceedings. A stockholder instituted a derivative suit contesting the acquisition by the corporation of a leasehold interest in property controlled by a corporation whose directors were also on the board of directors of the purchasing corporation. The plaintiff's attorney, after discussing the facts with the plaintiff, engaged the services of a certified public accountant to analyze the financial data contained in a proxy statement sent to the shareholders. The accountant and an associate of plaintiff's attorney, who also examined the proxy, concluded that such statement contained false and misleading information. Based on the representation of the plain-

tiff's attorney that his investigation revealed the facts upon which the complaint rested, the Court denied the defendant's motion to dismiss the certification of plaintiff's attorney as sham.

There is no allegation that the pleadings contradict matters of public record. No evidence has been presented from which the Court could reasonably conclude that it is legally impossible for plaintiff to prove his case. See, Wright & Miller Federal Practice and Procedure § 1334, p. 502 (1969). A review of the pleadings and the affidavit submitted by plaintiff's counsel outlining the basis of the claims has convinced the Court that the defendants' motion to strike the complaint must be denied. Sufficient factual allegations and legal contentions have been advanced to warrant the denial of defendants' Rule 11 motion.

A cautionary note is necessary here. The Court intimates no view as to the ultimate merits of plaintiff's claim of fraud and misrepresentation. The singular thrust of the Court's decision with respect to the motion to dismiss the complaint is that it does not "appear beyond peradventure" that the pleadings are false and that the allegations are devoid of factual basis.

In the alternative, defendant Richton has moved the Court for an order pursuant to Rule 37(a) of the Federal Rules of Civil Procedure compelling the plaintiff to file complete and responsive answers to defendant's interrogatories and compelling the plaintiff to produce for inspection and copying the documents identified in defendant's request therefor filed pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Richton's interrogatories numbers 16 through 28 request the facts on which certain allegations in paragraph 15 of the complaint are based. For example, interrogatory number 16(a) requests the facts on the basis of which it is alleged in paragraph 15(a)(1) of the complaint that the inventory of Richton and one of its subsidiaries were overstated. Inter-

rogatories 26(c) and (b) seek the factual basis for the allegations in paragraph 15(g) of the complaint of failure to disclose that Coro, a subsidiary of Richton, was incurring and was expected to incur substantial operating losses in the foreseeable future. Plaintiff objected to the above interrogatories on various grounds, but principally on the basis that the interrogatories "seek plaintiff's contention regarding the subject matter" of the law suit.

It is beyond question that defendant is entitled to discovery of the facts upon which plaintiff's claim of fraud is founded. Richton's interrogatories do not seek counsel's legal contentions or theories, but merely the basic facts relative to plaintiff's allegations of fraud and material misrepresentation. In Sargent-Welch Scientific v. Ventron Corp., 59 F.R.D. 500 (N.D.Ill.1973), plaintiff refused to answer defendant's interrogatories which inquired into the factual basis or source of the allegations contained in the complaint. In directing the plaintiff to respond to the questions posed, the Court therein held that:

> "It is clear that the defendants are entitled to know the facts upon which plaintiff's claim is founded. Mutual knowledge of the relevant facts is essential to proper litigation. Either party may compel the other to disclose what relevant facts he has in his possession." 59 F.R.D. at 503.

See, B–H Transportation Co. v. Great Atlantic & Pacific Tea Co., 44 F.R.D. 436 (N.D.N.Y.1968); Hartsfield v. Gulf Oil Corporation, 29 F.R.D. 163 (E.D.Pa. 1962); Rule 33(b) of the Federal Rules of Civil Procedure.

Plaintiff will be directed to furnish responsive, unevasive and complete answers to defendants' interrogatories 16 through 28. The information and factual data sought is clearly relevant to plaintiff's claims and is essential to the preparation of defendants' case. Upon expiration of the time period provided in this Memorandum and Order for the

completion of discovery, the Court will entertain a motion to strike those allegations in the complaint in respect to which plaintiff fails to provide some reasonably supportive basis in fact, if such a motion is deemed necessary and appropriate by the defendants herein.

■ Plaintiff will be further directed to respond to defendants' interrogatories 30 through 32. These three interrogatories request the identification of all communications with respect to the matters alleged in the complaint between plaintiff (as defined in the interrogatories) and selling shareholders named as defendants. The source of information underlying the allegations of the complaint is certainly relevant and as such discoverable.

### 2. *Class Action Determination*

Plaintiff filed a motion for class action determination on June 11, 1973. Extensive memoranda were submitted by the parties involved, and the Court held oral arguments on the motion. Plaintiff and defendants then conferred in an effort to resolve the issues raised in respect to the class action motion.

Pursuant to an agreement and stipulation by and between counsel, the Court will direct that this action proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Court's Order will embody the definition of such class and resolution of the question of notice as agreed upon by counsel.

Defendant Sidney Matorin, an accountant who certified certain financial statements contained in the Richton registration statement, has refused to stipulate to this litigation proceeding as a class action. In light of the Court's Order, Mr. Matorin's objection to the class action stipulation by and between other counsel becomes moot.

### 3. *Plaintiff's Motion to Compel Answers to Interrogatories Propounded to Defendant Richton and to Compel Inspection of Documents Requested from Defendant Richton*

■ Plaintiff has filed extensive interrogatories and requests for the production of documents upon the defendant Richton. In the interrogatories and document requests, plaintiff has requested information for a period of time beginning January 1, 1968, and continuing up to and including the present. Defendant has refused to respond to any discovery request for period prior to January 1, 1970, and has provided plaintiff only with information concerning the period of time from January 1, 1970, to the present.

Defendant's objection to providing the information and documentation relative to the time period from January 1, 1968, to January 1, 1970, is based upon two separate and distinct grounds. Initially, defendant contends that January 1, 1970, marks the beginning of the year in which Richton, as it is presently organized, began operating. Prior to 1970, almost all of the operating subsidiaries of Richton which are now involved in this litigation were functioning independently of present Richton management.[1]

Defendant's second objection is that the allegations of the complaint must serve as the basis of the relevant time period, and that the substance of the specific allegations relate to time periods subsequent to January 1, 1970. Richton argues that corporate activity occurring prior to January 1, 1970, is too remote in time to be relevant to any of the specific allegations of the complaint.

The Court is in substantial agreement with the contentions of Richton. The defendant has provided plaintiff with information covering a period of over

1. In 1969, a private corporation named "International" was organized and, shortly thereafter, acquired the controlling interest of Coro, Inc. In 1970, International merged into Coro and Coro then changed its name to the present Richton International Corporation.

two years prior to the issuance of the prospectus and financial statement and up to the present time. The allegations of the complaint relate almost solely to the time period of late 1970 to the beginning of 1972. Unfettered discovery of corporate documents and data going back to January 1, 1968, (when most of its present businesses had not been acquired) would · place an unreasonable burden upon defendant, which outweighs any marginal relevance the information sought might have.

The defendant recognizes that particular facts or data for the period prior to January 1, 1970, may be relevant and essential to the preparation of plaintiff's law suit. Upon a specific demonstration of the relevance of such matters, the defendant is prepared to make full disclosure. The Court expects that, if and when plaintiff requests specific information or documentation relative to the time period prior to January 1, 1970, and a reasonable showing of relevancy is made, Richton will provide the requested material to the plaintiff without resort to the judicial process.

4. *Plaintiff's Motion to Compel Answers to Interrogatories Propounded to Defendant Drexel Burnham & Company and to Compel Inspection of Documents Requested from Defendant Drexel Burnham & Company, Inc.*

■ Plaintiff Cornaglia has filed interrogatories and requests for the production of documents upon defendant Drexel Burnham & Company, Inc. ("Drexel Burnham"), the lead underwriter of the stock offering made pursuant to the March 23, 1972, prospectus and registration statement. The time period encompassed in the interrogatories and requests for documents begins on January 1, 1968, and continues to the present. Defendant Drexel Burnham objects to each interrogatory and document request which seeks information relating to the instant action subsequent to March 30, 1972. Drexel Burnham has

provided the plaintiff with information concerning the period of time prior to that date. The objections have been raised in response to interrogatories 53 through 57 and are based on the ground that plaintiff's discovery requests seek information not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Drexel Burnham contends that its liability, if any, can only stem from the company's participation in Richton's registration statement and the distribution as lead underwriter of the shares of Richton stock, both of which having been completed as of March 30, 1972. Consequently, defendant insists, information requested which relates to the period following March 30, 1972, the closing date of the subject offering is irrelevant and has no bearing on the issues at hand.

Plaintiff argues that discovery for the requested period is essential to the proper preparation of its case in that Drexel Burnham has admittedly prepared followup reports concerning the prospectus after March 30, 1972, and has continued to serve as Richton's investment banker up to the present. The moving party further submits that the need for full discovery is even more acute when a conspiracy is involved as is alleged herein.

The Court believes that Drexel Burnham should respond to the discovery request for the entire time period requested. An examination of the five interrogatories in question reveals that the discovery requests are not inherently unreasonable in terms of time or material requested.

The Court is also unable to state that full disclosure of the information requested will not lead to the discovery of admissible evidence. See, Morgan Smith Automotive Products, Inc. v. General Motors Corp., 54 F.R.D 19 (E.D.Pa. 1971); Prudential Ins. Co. of America v. Marine National Exchange Bank, 52 F.R.D. 367 (E.D.Wis.1971). It is not unreasonable to conclude with some de-

gree of certainty that consultations and communications between Richton and Drexel Burnham subsequent to March 30, 1972, referred to some extent to events, decisions, or practices relative to the Richton prospectus and financial statement which predated March 23, 1972.

