**FISCHER AND PORTER COMPANY**

v.

**Jay H. TOLSON, et al.**

**Civ. A. No. 91-7822.**

United States District Court,
E.D. Pennsylvania.

Aug. 13, 1992.

## MEMORANDUM AND ORDER

NAYTHONS, United States Magistrate Judge.

Presently before this Court is the Motion of Defendants to Compel Plaintiffs to Respond to Discovery Requests which were filed on June 17, 1992. In this action brought alleging violations of sections 10(b) and 20 of the Exchange Act, Rule 10b–5 and Pennsylvania common law [1], Defendants seek to compel answers to a First Set of Interrogatories and Request for Produc-

---

1. Defendants' motion to dismiss the complaint and plaintiffs' motion for class certification are also pending before this Court.

tion of Documents submitted to Plaintiffs on February 24, 1992 and a Second Set of Interrogatories and Requests for Production submitted on April 21, 1992.[2] Plaintiffs filed responses and objections to both sets, claiming that the interrogatories were premature and overburdensome. In response to the motion to compel, plaintiff responded that the interrogatories were contention interrogatories and were premature at this stage of discovery, that much of the information defendants seek can be found in documents which plaintiff has already produced, and that Defendants failed to comply with Local Rule 24(f).

## TIMELINESS OF INTERROGATORIES

█ As an initial matter, it is clear from the motion that defendants have complied with Local Rule 24(f) which requires that

No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute.

Defendants not only included such a certification in their motion, they also included letters which evidenced that efforts had been made between counsel for the parties to resolve the dispute. Although plaintiffs claim that these actions were only taken in regard to the first set of interrogatories, defendants correctly assert that, because plaintiff's objections to both the first and second set of interrogatories were essentially identical, there was no need to embark on a new round of discovery "negotiations" in order for the purpose of Local Rule 24(f) to be satisfied. This Court therefore finds that Rule 24(f) has been complied with.

█ Plaintiff also claims that many of the interrogatories are "contention" interrogatories and are premature at this stage of discovery. The interests of judicial economy and efficiency for the litigants dictate that "contention interrogatories are more appropriate after a substantial

amount of discovery has been conducted." *Nestle Foods Corp. v. Aetna Casualty and Surety Co.,* 135 F.R.D. 101, 110–111 (D.N.J.1990); *In re Convergent Technologies Securities Litigation,* 108 F.R.D. 328, 338 (N.D.Cal.1985). Defendants rely heavily on the case of *Cornaglia v. Ricciardi,* 63 F.R.D. 416 (E.D.Pa.1974) for the proposition that "Either party may compel the other to disclose what relevant facts he has in his possession." *Id.* at 419. While this Court agrees with the holding in that case, defendant's reliance on it in the instant matter is misplaced. In *Cornaglia,* the District Court decided that the "contention interrogatories" propounded by defendant did not seek the legal contentions or theories of plaintiffs' counsel, but sought only the basic facts relating to the plaintiffs' complaints. The Court held only that such information was discoverable, the timing of the interrogatories was not an issue. In the instant case, however, plaintiffs do not claim that the information sought is non-discoverable, merely that it is too early in the discovery stage for it to be produced. On this issue, *Convergent Technologies* is on point, and *Cornaglia* is not.

█ In *Convergent Technologies Securities Litigation,* the court described the various types of contention interrogatories:

... any question that asks another party to indicate *what* it contends ... [a question asking] another party *whether* it makes some specified contention ... [a question asking] an opposing party to state all the *facts* on which it *bases* some specified contention ... [a question asking] the responding party to take a position, and then to explain or defend that position, with respect to *how the law applies to facts* ... [a question asking] parties to spell out the *legal basis* for, or theory behind, some specified contention.

*Id.* at 332. These are distinguished from interrogatories which seek the identification of witnesses or of documents that support or contradict any of the controverted allegations. *Id.* at 341.

---

**2.** Defendants also seek an award of the costs of filing the instant motion. Because plaintiffs'

opposition to the motion was substantially justified, an award of fees is inappropriate.

A party filing contention interrogatories early in the pretrial period, before substantial documentary or testimonial discovery has been completed, has the burden of justification. *Id.* at 338. It must present "specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." *Id.* at 339. The burden cannot be met by "vague or speculative statements about what might happen if the interrogatories were answered." *Id.* To meet the burden, states the court in *Convergent Technologies,* a party must show:

> that there is good reason to believe that answers to its well-tailored questions will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussion, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56.

*Id.* Moreover, the court emphasized that special vigilance in the evaluation of the proffered justification is required when "a complaint is not facially infirm and when defendants appear to have control over or adequate access to much of the evidence to their alleged misconduct." *Id.* However, interrogatories seeking the identity of witnesses and interrogatories seeking the location of documents or other tangible evidence may be sought while discovery is still in its infancy. *In re Convergent Technologies Securities Litigation,* 108 F.R.D. at 340–341.

Defendants, in their reply to plaintiffs' memorandum in opposition, attempt to argue that *Convergent Technologies* is inapplicable to the kinds of questions posed by defendant. This United States Magistrate Judge disagrees. The *Convergent Technologies* Court stated, "... there is substantial reason to believe that the early ... filing of sets of contention interrogatories that *systematically track all of the allegations in an opposing party's pleadings* is a serious form of discovery abuse." *Id.* at 337 (emphasis added). A review of the interrogatories submitted to plaintiffs indicates that a significant portion of them meet this description. Although, as noted above and as defendants note in their reply memorandum, interrogatories that seek the identity of witnesses, documents or other tangible evidence may be propounded at any time.

Because the present complaint is not facially infirm and defendants appear to have control over or adequate access to much of the evidence of their alleged misconduct, the evaluation of their proffered justification demands special vigilance. The parties have failed to inform this Court in any of the documents filed on this point how much discovery remains to be taken in this case. The only indicator this Court has to go on is the "Joint Stipulation Extending Discovery Deadline" filed by the parties in the instant case which states, "[W]hile the parties have exchanged written discovery, substantial discovery, remains to be conducted ... parties seek an extension ... in the interests of judicial economy ..." Since, by admission of both parties, substantial discovery remains to be conducted, it is unlikely that substantial discovery has yet been completed. Therefore, defendants in the present case have not met any of the conditions required for interrogatories filed early in the pretrial period, before substantial documentary or testimonial discovery has been completed.

For the foregoing reasons, this Court must deny without prejudice[3] the Motion of Defendants to Compel Plaintiffs to Respond to Discovery Requests except to the extent that the interrogatories seek the identity of witnesses or of documents or other tangible evidence[4]. It will be incumbent on both parties' counsel to coop-

---

3. Because the contention interrogatories are premature, at the completion of a substantial amount of discovery in this case, a motion to compel may become timely. Thus the parties should be advised to attempt to resolve any other objections to the interrogatories before such time.

4. Obviously, plaintiff can only provide such information as it possesses. To the extent plaintiff has insufficient information to answer an interrogatory, they should so state in their response.

erate in determining which questions fall within the court-approved categories. To the extent that plaintiff asserts that answers to "identification" interrogatories, or any other interrogatories which must be answered under this order, can be found within documents already produced to defendants, plaintiffs must identify with specificity the location and identity of the document in which the relevant information can be found pursuant to Fed.R.Civ.P. 33(c). That rule states that

> A specification [of records where responsive information can be found] shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Therefore, plaintiff will specify in detail any document which they aver contains responsive information.