B. BRAUN MEDICAL INC., Plaintiff,

v.

ABBOTT LABORATORIES and
Nypro Inc., Defendants

Civ. A. No. 93–3883.

United States District Court,
E.D. Pennsylvania.

April 13, 1994.

Albert G. Bixler, and Daniel Segal, Hangley Connolly Epstein Chicco Foxman & Ewing, Philadelphia, PA, William G. Todd, Porter F. Fleming, and Richard E. Parke, Hopgood, Calimafde, New York City, for plaintiff.

Benjamin J. Naitove, Philadelphia, PA, Lee Carl Bromberg, and Robert L. Kann, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

HUYETT District Judge.

### I. BACKGROUND

B. Braun Medical Inc. ("Plaintiff") alleges that Defendant Abbott Laboratories ("Abbott") commissioned, and Defendant Nypro Inc. ("Nypro") manufactures, a "luer activated valve" ("LAV") which infringes upon U.S. Patent No. 4,168,916 ("916 Patent") issued to Plaintiff's employee. Plaintiff has filed a motion to compel responses to certain interrogatories ("Abbott Int." or "Nypro Int."), admission requests ("Abbott Ad. Req." or "Nypro Ad. Req.") and document requests ("Abbott

Doc. Req." or "Nypro Doc. Req."). For the reasons stated below, the motion is granted in part and denied in part.

## II. DISCUSSION

### A. Interrogatories

Defendants argue that Abbott Ints. 12–19 and Nypro Ints. 9–16 comprise contention interrogatories which should be deferred until the end of the discovery period.[1]

■ Contention interrogatories ask a party: to state what it contends; to state whether it makes a specified contention; to state all the facts upon which it bases a contention; to take a position, and explain or defend that position, with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention. *Fischer and Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D.Pa.1992); *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 332 (N.D.Cal.1985). However, questions seeking the identification of witnesses or documents are not contention interrogatories. *Fischer*, 143 F.R.D. at 96; *In re Convergent Technologies*, 108 F.R.D. at 340–41.

■ Applying these standards to the interrogatories, the Court finds that only those similar to Abbott. Int. 12(a) seek contention discovery.

■ Under Fed.R.Civ.P. 33(c) interrogatories similar to Abbott Int. 12(a) are "not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact." However, courts may defer them until a later stage of discovery. Indeed, there is considerable support for deferring contention interrogatories until the end of the discovery period. *In re Convergent*, 108 F.R.D. at 336. The party serving contention interrogatories bears the burden of proving how an earlier response assists the goals of discovery. *Fischer*, 143 F.R.D. at 96. Plaintiff has not met its burden. It has not shown that early answers "will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56." *Fischer*, 143 F.R.D. at 96; *In re Convergent*, 108 F.R.D. at 339.

Further, if Defendants are forced to respond, they may have to articulate theories of their case not yet fully developed. *Storie v. United States*, 142 F.R.D. 317, 319 (E.D.Mo.1991). Accordingly, the portion of Plaintiff's motion relating to contention interrogatories shall be denied *without prejudice*.

■ Interrogatories similar to Abbott Int. 12(b), (c) and (d) are not contention interrogatories and may not be deferred. Other of Plaintiff's interrogatories relate to prior art. Prior art must be compared with the patent in suit to determine if a combination produced a new or different function which was patentable. *Aluminum Co. of America v. Amerola Products Corp.*, 408 F.Supp. 1352, 1357 (W.D.Pa.1976). Prior art is also relevant to Defendants' "obviousness" claim. *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 693–94, 15 L.Ed.2d 545 (1966). The prior art interrogatories will serve to clarify the issues and narrow the scope of the dispute. Thus, even if they seek Defendants' contentions, they should not be deferred.

■ Abbott Int. 11 and Nypro Int. 8 ask Defendants to identify all "legal opinions which relate or refer to the validity, infringement or enforceability of the [916 Patent]." These documents are protected by attorney-client or work product privilege. However,

---

1. The disputed interrogatories are not identical. However, Abbott. Int. 12 may be taken as an example:

    With respect to that portion of defendants' Answer and Counterclaim (First Affirmative Defense, para. 7), which alleges that Abbott has not infringed any valid claim of the [916 Patent]:

    (a) Describe all facts which support this contention;

    (b) For independent claims 1 and 10 of the [916 Patent], identify each element or limitation not included in the LAV;

    (c) Identify all documents which support or refute this contention;

    (d) Identify all persons with information to support this contention, setting forth with particularity the information which each such person provides.

they are relevant to the issue of wilfulness. Defendants may defend a charge of wilful infringement by proving reliance on an opinion of counsel. *Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1572 (Fed.Cir.1988). To pursue this defense, Defendants must waive any privilege and give discovery of the legal opinions upon which they rely.

Defendants have filed a motion to try separately the issue of willfulness after, and to stay discovery pending, determination of liability. To prevent unnecessary waiver of privilege, the Court reserves decision on Abbott Int. 11 and Nypro Int. 8 pending determination of Defendants' motion.

■ Finally, the Court will not compel a response to Abbott Int. 22 and Nypro Int. 19 relating to the LAV's dimensions. As Plaintiff already has samples of the LAV, Plaintiff has "had ample opportunity by discovery in the action to obtain the information sought." Fed.R.Civ.P. 26(b)(2). Compelling a response also would be "unreasonably cumulative". *Id.*

### B. *Admissions*

■ Abbott and Nypro Ad. Reqs. 9–12 ask Defendants to admit that the LAV contains specifically detailed features similar to those enumerated in the 916 Patent.[2] Defendants allege that the admission requests are vague, ambiguous and seek contention discovery. The Court disagrees. The requests are specific, unambiguous and highly relevant. They also "narrow the scope of the dispute." *Fischer*, 143 F.R.D. at 96; *In re Convergent*, 108 F.R.D. at 339. Thus, even if the requests seek Defendants' contentions, the Court still will refuse to defer the response.

■ Pursuant to Abbott Int. 21 and Nypro Int. 18, if Defendants deny any admission request, they must: (1) state the basis for each denial; (2) state all facts which support each denial; (3) identify persons with knowledge of the stated facts; and (4) identify all

documents supporting or refuting each denial. Abbott Int. 21 and Nypro Int. 18. are not contention interrogatories and must be answered.

### C. *Document Requests*

Abbott Doc.Reqs. 22–24, 26–29, and Nypro Doc.Reqs. 21–24, 26–29 request various documents relating to the validity, infringement or enforceability of the 916 Patent. Defendants claim attorney-client privilege as to some of these documents. To the extent the documents requested contain privileged communications, the Court reserves decision pending determination of Defendants' motion to bifurcate. However, all documents requested not containing privileged information must be turned over to Plaintiff.

■ Abbott Doc. Req. 31 concern documents relating to patents, and patent applications, directed to "LifeShield products that constitute or include the [LAV]." Abbott argues that this evidence is irrelevant because it does not relate to the LAV. However, the documents may describe the LAV, and lead to other admissible evidence. *See, e.g.*, *Scovill Manufacturing Co. v. Sunbeam Corp.*, 61 F.R.D. 598, 602 (D.Del.1973) (disclosure and claims of plaintiff's patent application may be similar to defendant's successful patent applications, tending to show infringement).[3] Discovery should be given.

■ Finally, Abbott Doc.Reqs. 36–38 and Nypro Doc.Reqs. 35–37 seek discovery of documents concerning the market for products containing the LAV. Defendants objection that the requests constitute contention discovery has no merit. To the extent Defendants have the information requested, they should comply.

### III. *CONCLUSION*

For the foregoing reasons, Plaintiff's motion to compel discovery is granted in part and denied in part.

An appropriate order follows.

---

**2.** By way of example, Abbott and Nypro Ad.Req. 9 asks Defendants to admit that "[the LAV] comprises a means adjacent the valve disc for engagement by a syringe."

**3.** This decision does not affect the parties duty to comply with Court's Protective Order dated February 18, 1994.

## *ORDER*

Upon consideration of B. Braun Medical Inc.'s ("Plaintiff's") motion to compel discovery, and the argument of the parties in support of and in opposition thereto, the motion is **GRANTED** in part and **DENIED** in part.

Defendants shall respond to the following within ten days of the date of this Order: Abbott Ints. 12(b)–(d), 13(b)–(e), 14(b)–(c), 15(b)–(f), 16(b)–(e), 17(a) and (c) (with respect to request to identify documents and persons only), 18(b)–(c), 19(b)–(d), 21; Nypro Ints. 9(b)–(d), 10(b)–(e), 11(b)–(c), 12(b)–(f), 13(b)–(e), 14(b)–(c), 15(b)–(c), 16(b)–(d), 18; Abbott and Nypro Ad.Reqs. 9–12; Abbot Doc.Reqs. 31, 36–38; Nypro Doc.Reqs. 35–37; Abbott Doc.Reqs. 22–24, 26–29 and Nypro Doc.Reqs. 21–24, 26–29 (to the extent the documents are not privileged).

Plaintiff's motion to compel discovery for the following is **DENIED WITHOUT PREJUDICE:** Abbott Ints. 11, 12(a), 13(a), 14(a), 15(a), 16(a), 17(a) ("specific events and circumstances") and (b), 18(a), 19(a); Nypro Ints. 8, 9(a), 10(a), 11(a), 12(a), 13(a), 14(a), 15(a), 16(a); Abbott Doc.Reqs. 22–24, 26–29 and Nypro Doc.Reqs. 21–24, 26–29 to the extent the documents are privileged.

Plaintiff's motion to compel response to Abbott Int. 22 and Nypro Int. 19 is **DENIED.**

**IT IS SO ORDERED.**