**St. Luke's Hospital of Bethlehem, Pa. v. Vivian**

C.P. of Lehigh County, No. 2011-C-1182.

*Mark Zolfaghari* and *Jeffrey Rosenthal,* for plaintiff

*Wendy F. Tucker,* for defendant

REIBMAN, *J.,* February 27, 2013—In these actions, which center on plaintiff's claims of wrongful use of civil proceedings and RICO violations, defendants move to strike plaintiff's objections to various interrogatories and/or to compel more complete responses than those provided thus far by plaintiff. In response, plaintiff argues that the bulk of defendants' 131 interrogatories, which they have served in each case, amount to "contention interrogatories" that are, at best, premature at this phase of the litigation in which discovery has recently gotten underway in earnest after a court-imposed stay.

As plaintiff correctly indicated at oral argument, so-called "contention interrogatories," in which a party requests all information supporting a party's particular allegation in a pleading, have been the subject of critical commentary in the Rules of Civil Procedure. Specifically, the 2008 explanatory comment to Pa.R.C.P. 4005 states in pertinent part as follows:

> Contention interrogatories, like all forms of discovery, can be susceptible to abuse. Among other things, they can be used as an attempt to tie up the opposing party rather than to obtain discovery. The legitimate purpose of contention interrogatories is to narrow the issues for trial, not to force the opposing side to marshal all its evidence on paper. * * *

> The potential for overreaching is particularly present when interrogatories seeking the detailed underpinnings of the opposing party's allegations are served early

in the case. Although, when used with discretion, interrogatories served near the outset of the case can be useful in narrowing the issues to define the scope of necessary discovery, contention interrogatories ordinarily are more appropriate after the bulk of discovery has already taken place. At that point, the party on whom the interrogatories are served should have the information necessary to give specific, useful responses....

(Internal quotation marks omitted.)

Federal courts have also viewed this discovery device with considerable circumspection. In the case of *In Re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338 (N.D. Cal. 1985), the court described so-called "contention interrogatories" as consisting of those which propound wide-ranging questions that ask an opposing party to indicate, inter alia, all of the facts upon which it bases some particular contention -- as "distinguished from interrogatories which seek the identification of witnesses or of documents that support or contradict any of the controverted allegations." Relying on *Convergent Technologies*, the District court of the Eastern District of Pennsylvania has more recently instructed:

A party filing contention interrogatories early in the pretrial period, before substantial documentary or testimonial discovery has been completed, has the burden of justification. It must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure. The burden

cannot be met by vague or speculative statements about what might happen if the interrogatories were answered. To meet the burden,... a party must show...that there is good reason to believe that answers to its well-tailored questions will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussion, or that such answers are likely to expose a substantial basis for a motion [for sanctions or summary judgment] under Rule 11 or Rule 56.

...Moreover,...special vigilance in the evaluation of the proffered justification is required when a complaint is not facially infirm and when defendants appear to have control over or adequate access to much of the evidence to their alleged misconduct.

... [T]here is substantial reason to believe that the early...filing of sets of contention interrogatories that systematically track all of the allegations in an opposing party's pleadings is a serious form of discovery abuse.

*Fischer and Procter Co. v. Tolson*, 143 F.R.D. 93 (E.D. Pa. 1992) (internal quotation marks and citations omitted).

In *Tolson*, the court determined that the complaint was not facially infirm and that the defendants appeared to have control over, or adequate access to, much of the evidence of their alleged misconduct. *Ibid.* The court also observed that substantial discovery remained to be conducted. *Ibid.* *Tolson* held, therefore, that the defendants had failed to meet the conditions required to compel their adversary to answer contention interrogatories, "except to the extent

that the interrogatories seek the identity of witnesses or of documents or other tangible evidence." *Ibid.*

Turning back to the present matters, it will quickly be noted that the Federal Rules of Civil Procedure do not govern actions proceeding in the courts of common pleas in this commonwealth. However, it will also be readily observed that in the federal system, so-called "notice pleading" prevails, while in Pennsylvania, a more rigorous system of "fact-pleading "obtains. As one commentator has intimated, inasmuch as the latter regime requires the parties to flesh out the factual underpinnings of their claims in greater detail, this distinction renders the use of contention interrogatories even more suspect in fact-pleading jurisdictions. *See* Douglas C. Rennie, *The End of Interrogatories: Why Twombly and Iqbal Should Finally Stop Rule 33 Abuse,* 15 Lewis & Clark Law. Rev. 191, 250-55 (2011); *also see* Pa.R.C.P 1028 (affording remedy through request for more specific pleading if any confusion results from insufficient specificity in complaint).

Here, as held in *Tolson*, it appears that, at least at this preliminary phase of discovery, there lacks a sufficient basis to compel plaintiff to respond to the contention interrogatories propounded by defendants. Indeed, perusal of the sets of 131 interrogatories reveals that a significant number of them, particular numbers 39 through 131, merely track the allegations of plaintiff's complaints, thereby bordering on the "serious form of discovery abuse" referenced in *Tolson*. Typically, those queries consisted of variations of the following: "Provide the basis for and identify what information you relied upon (including a full description of all documents and the

identity of all witnesses) in preparing the allegations found in Paragraphs [x-y] of the Complaint." (*See* defendants' first set of interrogatories, included in defendants' motion to compel). Also, as in *Tolson*, discovery in this matter, as a consequence of the recently lifted stay, has not nearly run its course.

Fairly viewed, defendants' contention interrogatories, numbers 39-131, do not appear reasonably aimed to narrow the issues for trial, but instead seem to be a patent attempt to force the opposing side to marshal all its evidence on paper. Accordingly, the motion to compel answers to interrogatories purporting to require plaintiff to identify all of the factual bases for the various allegations set forth in the complaints will be denied without prejudice to a more selective use thereof at or near the close of discovery, as the circumstances may then warrant. However, as in *Tolson*, plaintiff shall be required to identify any documents as well as any witnesses that are germane to those inquiries, so that discovery may proceed in a fruitful and orderly fashion to lay bare the issues that remain in contention and so that an assemblage of evidence relevant to trial of those issues may be effected.

With respect to interrogatories numbered 1-37, which do not consist of contention interrogatories, plaintiff offered no additional argument in open court and, as such, the motion will be determined on the basis of the objections set forth in plaintiff's response. Addressed seriatim, they are as follows.

The objections to interrogatory nos. 1-4; 6 - 14; 16-26 on the grounds of, inter alia, relevance, burdensomeness,

and/or vagueness are overruled. Each question appears reasonably calculated to lead to the discovery of admissible evidence in relation to the claim for damages in the form of attorneys' fees incurred in the underlying actions, upon which the present wrongful-use-of civil-proceedings claims are premised. Although plaintiff has provided answers notwithstanding the objections, to the extent those answers remain incomplete as a result of the objections, plaintiff shall supplement its responses within twenty (20) days of the entry of this order. Further, if plaintiff maintains its objections on the basis of privilege, it shall specifically state the basis for any information withheld pursuant thereto, so that an in-camera inspection or ex parte hearing thereon may be held. It will be noted, however, that the attorney-client privilege in respect to the completed underlying actions that forms the basis for the present claims are waived to the extent that information relevant to the claims of attorneys' fees, including the reasonableness thereof, are at issue in this proceeding.

The objections to interrogatory nos. 15, 27, and 28 are sustained. Questions regarding the terms plaintiff's relationship with counsel in the present actions do not appear reasonably calculated to lead to admissible evidence. Nor is information relating to indemnification in the underlying matter relevant. *Cf.* Pa.R.C.P. 4003.2 (information relative to insurance monies available to satisfy judgment in present action discoverable).

The objection to interrogatory nos. 32, 33, 34, 35, 36, 37, and 38 on the grounds of relevance are overruled. It is premature at this phase of the proceedings to declare that plaintiff's contemporaneous knowledge and credibility are

entirely irrelevant to the issues potentially to be confronted by the finder of fact, particularly insofar as plaintiff appears to contend that its contemporaneous representation to defendants in regard to the alleged lack of merit of the underlying actions should have been heeded.

## ORDER

And now, February 27, 2013, it is ordered that the above-captioned matters are hereby consolidated for purposes of discovery.

It is further ordered that, upon consideration of defendants' motions to compel discovery, filed on February 5, 2013, and after argument held on February 8, 2013, and for the reasons set forth in the accompanying opinion, and consistent with said opinion, said motion is granted in part and denied in part.