STATE OF MAINE                                    BUSINESS AND CONSUMER COURT
CUMBERLAND, ss                                    Location: Portland
                                                  Docket No.: BCD-CV-13-47  ✓


JOHN F. MURPHY HOMES, INC.          )
                                    )
                 Plaintiff          )
                                    )
        v.                          )
                                    )
STATE OF MAINE                      )
                                    )
                 Defendant          )
                                    )
                                    )
                                    )


## ORDER ON DEFENDANT'S MOTION TO COMPEL
## ANSWERS TO INTERROGATORIES

Pursuant to M.R. Civ. P. 37(a) and this court's Order of May 13, 2014, Defendant State

of Maine ["State"] has filed a Motion to Compel Answers to Interrogatories that is opposed by

Plaintiff John F. Murphy Homes, Inc. ["Murphy"]. The Motion came before the court for oral

argument June 24, 2014.

The discovery dispute underlying the motion initially came before the court at a

telephonic discovery conference pursuant to M.R. Civ. P. 26(g). At Murphy's request, the

court forwent trying to resolve the dispute by informal means, and authorized the State to file a

motion to compel.

The State's Motion to Compel appears to focus specifically on State's Interrogatories 3,

4, 5, 6 and 10. All five of the State's interrogatories at issue are "contention interrogatories," i.e.

interrogatories that explicitly inquire into the basis for the contentions in Murphy's complaint.

All of the State's contention interrogatories in dispute begin with the boilerplate phrase,

"Identify and explain all legal and factual bases relating to . . ."

1

Murphy's complaint seeks relief in the form of damages, but advances alternative claims for relief as allowed by Rule 8(a) of the Maine civil rules, involving different theories of liability for damages and different measures of damages. Interrogatories 3, 4 and 5 ask Murphy to "[i]dentify and explain all legal and factual bases relating to" its alternate claims for relief for damages due to breach of contract, damages on a *quantum meruit* theory of liability, and damages for unjust enrichment. Murphy objects to those interrogatories that inquire into the "legal and factual bases" for its claims for a variety of reasons, including that multiple forms of action, *e.g.* trover and assumpsit, have been abolished in favor of one form, the civil action. *See* M.R. Civ. P. 2. Murphy also answered State's Interrogatories Nos. 3, 4 and 5 and contends its answers are sufficient.

Murphy has not objected to State's Interrogatory No. 6, but contends its answer is sufficient. Murphy objected to State's Interrogatory No. 10 on grounds that the interrogatory was unclear, but also answered and contends its answer should be deemed sufficient.

The parties' briefing on the Motion to Compel reveals a fundamental disagreement about the nature and purpose of contention interrogatories such that the court deems it appropriate to articulate the framework it intends to apply before addressing the individual interrogatories at issue.

A. *Contention Interrogatories and The Constraints of Timing, Breadth and Form*

A contention interrogatory is an interrogatory that asks the party to whom it is propounded to set forth the facts and circumstances that the party contends support the party's legal position.

Rule 33(b) specifically provides that "[a]n interrogatory otherwise proper is not necessarily objectionable merely because it seeks to elicit the basis for "an opinion or contention that relates to fact or the application of law to fact." M.R. Civ. P. 33(b). The Maine rule is

2

patterned on counterpart Federal Rule of Civil Procedure 33(b). As the phrases "otherwise proper" and "necessarily objectionable" make clear, the rule means simply that contention interrogatories are not *per se* objectionable.

The primary constraint on contention interrogatories is sometimes thought to be the attorney work product doctrine, which generally shields from disclosure "the mental impressions, conclusions, opinions or legal theories of an attorney . . ." M.R. Civ. P. 26(b)(3). However, the work product doctrine, at least as it is defined in Rule 26(b)(3, protects only against disclosure of documents and tangible things containing attorney work product and does not specifically apply to answers to interrogatories.

Even if the attorney work product doctrine is assumed, as it often is, to extend to discovery requests of any variety, contention interrogatories do not, at least intrinsically, infringe on the doctrine:

> Courts have rejected on several grounds the argument that contention interrogatories violate the work product doctrine. First, in some cases, when answering contention interrogatories, the party is only giving the factual specifics which it contends supports a claim or defense, which does not impinge on an attorney's impressions or analysis as to how the attorney will apply the law to the facts. Second, the discovery rules regularly allow litigants to gain information revealing a party's legal theory, because the information sought will appear during trial, if not before. This information is expected to be revealed, and in fact, the attorney should emphatically raise and advance the theory of the case when answering a contention interrogatory.

I. JOHNSTON & R. JOHNSTON, CONTENTION INTERROGATORIES IN FEDERAL COURT, 148 F.R.D. 441, 443 (1993).

The distinction between what is a "proper" contention interrogatory and what is not can be elusive. Whether or not a contention interrogatory is proper and therefore must be answered depends primarily on three variables:

- the timing of the contention interrogatory in relation to the discovery process in the case

- the form of the contention interrogatory in terms of focus and breadth: whether it presents a reasonably focused and narrow question, or is so vague, general or sweeping that it can only be read to elicit an epic narrative response

- the form of the contention interrogatory in terms of whether it seeks to elicit the factual contentions supporting a legal contention, or seeks to elicit a purely legal contention independent of factual contentions

All of these variables are at work in the dispute between Murphy and the State.

*Timing:* Rule 33(b) of the Maine civil rules speaks to timing explicitly, in authorizing the court to "order that such an interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time."

In many instances, "contention interrogatories are more appropriate after a substantial amount of discovery has been conducted." *Nestle Foods Corp. v. Aetna Casualty and Surety Co.*, 135 F.R.D. 101, 110–111 (D.N.J.1990). In fact, there is federal court authority for the principle that, when a party serves contention interrogatories before substantial discovery has been completed, it bears the burden of showing how obtaining answers at a relatively early stage of the case will help achieve the goals of discovery. *See Fischer and Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D. PA. 1994), *citing In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338 (N.D.Cal.1985).

In a similar vein, the American Bar Association Civil Discovery Standard relating to contention interrogatories includes the following comment on timing:

> The legitimate purpose of contention interrogatories is to narrow the issues for trial, not to force the opposing side to marshal all its evidence on paper. . . Although, when used with discretion, interrogatories served near the outset of the case can be useful in narrowing the issues to define the scope of necessary discovery, contention interrogatories ordinarily are more appropriate after the bulk of discovery has already taken place. At that point, the party on whom the interrogatories are served should have the information necessary to give specific, useful responses.

American Bar Association Civil Discovery Standard No. 8, cmt. (2004).

Thus, contention interrogatories served early in the discovery stage of a case are more likely to be upheld against objection if they serve to narrow and focus the issues, by asking, for example, whether a party is making a particular contention of fact, and if so, to identify the witnesses with knowledge and the documents supporting the fact. They are less likely to withstand objection if they do not serve that purpose, and are especially vulnerable to challenge if they seek to elicit any and all facts regarding a claim or an issue at a stage of the case when the responding party cannot reasonably be expected to have marshaled all such facts.

*Breadth:* A contention interrogatory is also not "proper" within the meaning of Rule 33(b) if it casts too broad a net to encompass too broad a topic. As one court has put it, a contention interrogatory cannot call for a book-length narrative starting with the story of Adam and Eve:

> It is not difficult to discern a significant difference between an interrogatory which, for example, asks a plaintiff to "state all facts upon which you base your contention that defendant is liable in this action" and an interrogatory which asks a plaintiff to "state all facts upon which you base your contention that defendant was in attendance at the meeting of January 10, 1989". The latter is a reasonable interrogatory and the former is not. The difficulty is that there is a substantial middle ground between these extremes and, therefore, each interrogatory has to be judged in terms of its scope and in terms of the overall context of the case at the time it is asked.

*Roberts v. Heim,* 130 F.R.D. 424, 427 (N.D. Cal. 1989).

Possibly a "state all facts upon which you base your claim" contention interrogatory could be permissible in a very uncomplicated case. However, in a case involving a substantial body of potential evidence and a myriad of underlying material facts, such a catch-all interrogatory regarding the factual basis for a claim calls for the kind of extended narrative response that is beyond what a contention interrogatory may elicit.

The primary way to focus any contention interrogatory so it does not ask for everything about everything is to ask for everything relating to something: for the interrogatory to ask the opposing party to set forth its factual contentions relating to a narrow

and limited issue or topic, such as an event or a document, rather than the party's entire claim. The reasonable interrogatory in the above-quoted *Roberts* decision illustrates such an approach.

Another way to focus an interrogatory is to ask the opposing party to summarize its factual contentions supporting a particular allegation, rather than to ask for every fact that relates to its claim. One court has characterized the latter approach as follows:

> [C]ontention interrogatories are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case. Thus, the general rule in this Court is that interrogatories may properly ask for the principal or material facts which support an allegation or defense. In addition, interrogatories may seek the identities of knowledgeable persons and supporting documents for the principal or material facts supporting an allegation or defense.

*Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) (internal quotes omitted).

What is a principal or material fact obviously differs from case to case, but one test might be whether proof of the fact is essential to making out a *prima facie* case on the allegation or the affirmative defense.

*Purely Legal Contentions:* Rule 33(b) allows for interrogatories that seek to elicit an "opinion or contention that relates to fact or the application of law to fact," but does not sanction interrogatories that seek to elicit opinions or contentions relating to law only: Contention interrogatories are not proper if they probe a party's legal contentions independently of the party's factual contentions. *See U. S. v. Maryland and Virginia Milk Producers Ass'n*, 22 F.R.D. 300, 302 (D. D.C. 1958) ("It is not the purpose of discovery to ascertain what arguments the opposing party intends to use in support of his contentions.")

> Rule 33(b) encompasses two ideas: first, the existence of specific facts in the record to which the responding party's contentions or legal opinions must apply; and second, a distinction between permissible interrogatories and inquiries into issues of pure law. Under Rule 33(b), interrogatories may not extend to issues of pure law. However, an interrogatory which explores the facts upon which certain vague and general allegations of a complaint are founded and the claimed relationship between such facts is not objectionable on the grounds that it calls for a legal conclusion.

I. JOHNSTON & R. JOHNSTON, CONTENTION INTERROGATORIES IN FEDERAL COURT, *supra*, 148 F.R.D. at 443.

Often, the phrasing of a contention interrogatory makes the difference as to whether it is an objectionable attempt to elicit purely legal contentions or a valid attempt to explore the factual contentions supporting a legal position.

The difference can be illustrated in terms of an example raised in the parties' briefing—whether and, if so, why Murphy's breach of contract claim rests on a third party beneficiary theory. It would be objectionable to ask Murphy to explain the legal basis for its third party beneficiary theory, but not objectionable to ask Murphy to state whether it contends that it is or was an intended beneficiary of the State's obligation to pay "seed" funds, and if so to summarize the facts on which it relies for such a contention, and to identify documents that reflect the intention and witnesses with knowledge.

B. *The State's Interrogatories and Murphy's Answers*

Applied to the State's interrogatories at issue and Murphy's answers, the foregoing framework leads the court to deny the State's Motion To Compel for several reasons.

First, as phrased, the State's interrogatories seek to elicit purely legal contentions, independent of the factual contentions that support legal contentions. The prefatory phrase in most of the State's interrogatories, including the five directly at issue in the Motion—"Identify and explain all legal and factual bases relating to . . ." explicitly seeks to elicit an explanation of the legal basis of Murphy's contentions in addition to and independent of the factual basis. On that ground alone, they should be rephrased to call for contentions or opinions based on fact or on the application of law to fact, and not for contentions purely of law.

With regard to Interrogatory No. 6, for example, the State is entitled to know what statutes or rules it is supposed to have violated and what Murphy contends are the acts or omissions that constitute the alleged violation(s), but is not entitled to probe Murphy's legal

7

interpretation of the statutes or rules and the other purely legal underpinnings of Murphy's assertions.

Second, Interrogatory Nos. 3, 4 and 5 are premature. According to counsel, this case is still at the document production and interrogatory stage. It is the court's understanding that, at least as of the date of oral argument, no depositions had been scheduled or taken. The case involves a significant number of billing and payment transactions over a period of years, and involves the many people, entities and documents associated with the transactions. The case involves complex legal issues, in that the transactions at issue occurred within an extensive framework of federal and state statutes, rules, administrative regulations and procedures. Neither party can reasonably be expected to spell out the entire factual basis for its claims or defenses at this stage.

Third, State's Interrogatories 3, 4 and 5 are too broad. At oral argument, the court questioned whether Murphy could be "boxed in" by having to spell out everything that it might elicit in evidence during its case in chief, at the risk of being precluded from eliciting anything else. Although the State disclaimed any such purpose, it is difficult to construe the phrase "identify and explain all legal and factual bases relating to" a claim as anything other than a catch-all request for anything and everything Murphy knows or believes regarding the claim.

Although the court is not going to compel answers to the interrogatories in question, clearly the State is entitled to answers to its questions about Murphy's contentions of fact well before trial, and perhaps now. Although Murphy maintains, and the State disagrees, that its answers to all five interrogatories are sufficient, the court sees no need to go further in this Order, because the court is not compelling Murphy to serve additional answers. Instead, the court intends to convene a discussion of what contention interrogatories may properly be propounded between the parties and when, and what might reasonably be expected in terms of

8

answers to them. In addition to that topic, the discussion will address the other areas of discovery, pending and planned, that each party has propounded or intends to propound. The court is optimistic that a reasoned discussion of each party's plans for discovery and the means by which discovery in different forms may be taken would be fruitful in helping avert further discovery disputes.

Accordingly, it is hereby ORDERED that the Defendant State of Maine's Motion to Compel Answers to Interrogatories is denied, without prejudice to another such motion if it proves necessary. The Clerk will schedule a telephonic conference of counsel at which an agenda for a discovery conference will be discussed.

In advance of the telephonic conference, the court asks each party to list the topics that it wishes to see placed on the agenda for the discovery conference. The State is requested to file and serve a letter listing its proposed discovery topics within 10 days of this Order, and Murphy is requested to file and serve a letter listing any additional topics within 20 days of this Order. The court will use the letters for purposes of the telephonic conference and the follow-up meeting.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this Order in the docket by reference.

Dated: July 7, 2014

A. M. Horton, Justice
Maine Business & Consumer Court

9

**John F. Murphy Homes, Inc. v. State of Maine**
**BCD-CV-13-47**

**John F. Murphy Homes, Inc.**
    **Petitioner / Plaintiff**

       Counsel:                         Gerald F. Petruccelli, Esq.
                                      50 Monument Square
                                      PO Box 17555
                                      Portland, ME 04112-8555
                                          and
                                      Allana Bailey, Esq.
                                      160 Capitol Ste. 4
                                      Augusta, ME 04330

**State of Maine**
    **Respondents / Defendants**

       Counsel:                         Paul Stern, AAG
                                      6 State House Station
                                      Augusta, ME 04333-0006
                                        and
                                      Janine Raquet, AAG
                                      84 Harlow St 2nd Floor
                                      Bangor, ME 04401