Vermont Superior Court
Filed 12/22/23

SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 88-2-20 Wncv

Mountainside Condominium vs. Jamieson Risk Service

Opinion and Order on Plaintiff's Motion to Compel

Mountainside Condominium Association (Mountainside) seeks to compel

Defendant Jamieson Risk Services, Inc. (Jamieson) to respond to its pending

interrogatories. Jamieson has objected to the motion on various grounds.

Primarily, it maintains that two broad categories of the interrogatories that seek

the bases for the responses set out in its answer are not appropriate "contention

interrogatories," seek solely work product, and are unduly oppressive. With regard

to contention interrogatories seeking the grounds for its affirmative defenses,

Jamieson asserts that the requests are premature. For ease of reference, the Court

will accept and employ the three categories of interrogatories as referenced in

Jamieson's opposition. The specific interrogatories for each category are specifically

referenced in the opposition. The Court has considered the submissions and makes

the following determinations.

I.      Contention Interrogatories Regarding Affirmative Defenses

Jamieson maintains that courts often defer contention interrogatories to the

end of the discovery process. *See, e.g., Jenkins v. Miller*, No. 2:12-CV-184, 2019 WL

5558601, at *3 (D. Vt. Oct. 29, 2019). It argues that delaying its responses until

1

significant discovery has been conducted makes sense in this case. Mountainside, relying on other cases, points out that contention interrogatories are not improper at this stage and that they are a useful tool to bring focus to the discovery process and the bases for any claimed defenses. *See, e.g. Britton v. Marcus, Errico, Emmer & Brooks, P.C.*, No. 18-CV-11288-IT, 2021 WL 3604841, at *2 (D. Mass. Aug. 13, 2021).

The gateway to the discovery process is Vt. R. Civ. P. 26. Its overarching guidance concerning the sequence and timing of discovery states: "Unless a Superior Judge upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence …." While courts had previously divided on the propriety of discovery requests that called for the application of law to fact, Federal Rule of Civil Procedure 33 came down in favor of production. Vermont's Rule 33, which tracks the federal in this regard, states: "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact …." In making that determination, the Rule also created a potential safety valve. Just following the above statement, the Rule provides: "but the Presiding Judge may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time." Vt. R. Civ. P. 33

While there is no law on the issue from the Vermont Supreme Court, federal district courts across the country have triaged such requests in different ways. Those varying approaches are set out in the memorandums of the opposing parties. Broadly speaking: one group of cases expresses a preference for delaying contention interrogatories until late in the discovery process but allow arguments for allowing them at an earlier time, *see, e.g. Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992); others permit them at an early juncture but allow requests to delay them, *see In re One Bancorp Secs. Litigation*, 134 F.R.D. 4, 7–8 (D. Me. 1991); *Firetrace USA, LLC v. Jesclard*, No. CV-07-2001-PHX-ROS, 2009 WL 73671, at *2 (D. Ariz. Jan. 9, 2009) (party opposing contention interrogatory has burden to establish need to delay response).

In the Court's view, the latter view most closely tracks the language and approaches described in Rules 26 and 33. In other words, there is nothing improper about early contention interrogatories. But, in certain cases, the party against whom the discovery is sought may persuade the court to delay its responses. *Accord* 8B Charles Wright, *et al., Fed. Prac. & Proc. Civ.* § 2167 (3d ed.) (power to delay answers to contention interrogatories "should not be exercised automatically but should be reserved for 'appropriate cases'"); *see Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998) ("The general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required."), *aff'd sub nom. Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198 (1999).

3

With that in mind, the Court has considered whether to grant Jamieson's request to delay responses to these Interrogatories until later in the discovery process. It asserts that providing responses now would serve no purpose. The Court disagrees.

No doubt, contention interrogatories can help narrow issues for trial at the end of discovery. *See Gamino v. KPC Healthcare Holdings, Inc.*, No. 520CV01126SBSHKX, 2021 WL 1731673, at \*3 (C.D. Cal. Apr. 14, 2021). They can also serve useful purposes at the outset of a case to gain understanding of the nature of claims or defenses, identify documents or actors, focus discovery, or test such claims and defenses for compliance with Vt. R. Civ. P. 11. *See, e.g., Kew v. Town of Northfield*, No. 5:19-CV-78, 2020 WL 13857283, at \*7 (D. Vt. Oct. 21, 2020); *Zysman v. Zanett Inc.*, No. C-13-02813 YGR (DMR), 2014 WL 1320805, at \*4 (N.D. Cal. Mar. 31, 2014); *Advantage Industrial Sys., LLC v. Aleris Rolled Prod., Inc.*, No. 418CV00113JHMHBB, 2020 WL 4432415, at \*3 (W.D. Ky. July 31, 2020) (citing *Dot Com Entm't Group, Inc. v. Cyberbingo Corp.*, 237 F.R.D. 43, 46 (W.D. N.Y. 2006).

It is unclear whether, as Mountainside asserts, Jamieson is taking the position that Rule 11 does not apply to its assertion of affirmative defenses or denials. *See* Opposition at p.6. In any event, Rule 11 plainly applies to "claims, defenses, and other legal contentions" and requires filers to certify that such assertions are warranted and supported by "evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Vt. R. Civ. P. 11; *Bridge Publications, Inc. v.*

4

*F.A.C.T.Net, Inc.*, 183 F.R.D. 254, 263 (D. Colo. 1998) (Rule 11 requires that there be "a colorable claim based on the facts and law at issue").  Hopes and prayers are important, but they do not provide sufficient bases for claims or defenses set out in a pleading.

Contrary to Jamieson's contention, it would not be prejudiced by the failure to assert an affirmative defense that is not presently supportable.  If discovery later shows the existence of a new affirmative defense, the proper remedy is to seek amendment and add the defense at that time.  Vt. R. Civ. P. 15; *See Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 994 (E.D. Cal. 2016) ("If a defendant can allege no facts in support of a defense, that defendant must not plead it.  If a defendant later discovers facts that might indicate that an affirmative defense might apply, it may seek leave to amend to add that affirmative defense.").

The Court sees no persuasive reason to defer responses to the interrogatories concerning Mountainside's affirmative defenses until a later point.  *Kew*, 2020 WL 13857283, at *7 (making similar ruling).  The potential benefits of early contention interrogatories exist in this case, and Jamieson has not persuaded the Court that it is necessary to delay its responses.  It should provide the present bases for its affirmative defenses.  If additional evidentiary support for them arises during discovery, the responses may be supplemented.  *Accord In re One Bancorp Sec. Litig.*, 134 F.R.D. at 7–8.

Responses should be provided.

II.     Contention Interrogatories Seeking Bases for Denials

Nearly all of the above analysis applies with equal force to the contention interrogatories seeking the evidentiary bases for Jamieson's denials of certain allegations of the complaint.  Jamieson's additional argument that these are improper contention interrogatories that seek legal conclusions or core attorney work product is not accurate.  The interrogatories, reasonably read, seek only the existing evidentiary bases for the various denials.  As such, the Court views them as standard contention interrogatories within the permissible ambit of Rule 33.[1]

Nor does Jamieson take anything from its argument that producing answers to these interrogatories would be unduly burdensome.  The questions are focused solely on discovering the evidence on which the denials are based.  Such a request should not tax Jamieson beyond the standard exertion needed to respond to discovery in the context of commercial litigation.

Responses should be provided.

III.    Contention Interrogatories Concerning Lack of Information

Jamieson argues that Mountainside's interrogatories that attempt to suss out why it lacks sufficient information to either admit or deny certain allegations in the complaint are improper.  Jamieson has more traction with this point.

Unlike the contention interrogatories that seek the evidentiary support for affirmative defenses or denials, these interrogatories ask Mountainside to establish

---

[1] To the extent the interrogatories can be read more broadly, nothing in this ruling precludes a specific objection limiting any response to materials not protected by attorney work product.

a negative. In a sense, it asks Mountainside to assemble all possible evidence and then state why that accumulation does not allow it to admit or deny an allegation. Such a request is unduly burdensome, and it seeks to obtain an analysis of evidence that would tread near to or directly upon core attorney work product.

Mountainside need not respond to these interrogatories.

IV.    <u>Conclusion</u>

In light of the foregoing, Mountainside's motion to compel is granted, in part, and denied, in part. Supplemental responses should be provided within 30 days.

Electronically signed on Monday, December 11, 2023, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge